IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Salia Isssa, ) | |
| Fiston Rukengeza, and ) | |
| Salia Issa and Fiston Rukengeza as ) | |
| next friends of their unborn child, ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| ) | |
| v. ) | CIVIL ACTION NO: 1:22-cv-1107 |
| ) | |
| ) | |
| Texas Department of Criminal Justice, ) | |
| Lt. Brandy Hooper, individually, ) | |
| Lt. Desmond Thompson, individually, and ) | |
| Assist. Warden Alonzo Hammond, individually, ) | |
| ) | |
|     Defendants. ) | |
| ) | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

This case arises from Defendant-Texas Department of Criminal Justice (TDCJ) refusing to allow one of its employees, Plaintiff-Issa, to leave her place of employment while Plaintiff-Issa was approximately seven months pregnant—notwithstanding the fact that Plaintiff-Issa was experiencing a pregnancy emergency and notwithstanding the fact that Plaintiff-Issa repeatedly informed Defendant-TDCJ, through its agents Defendants-Hooper, Thompson, and Hammond, of the pregnancy emergency. Plaintiff-Issa was not allowed to leave for over two hours. When Plaintiff-Issa left, she drove immediately to the hospital, where emergency surgery was unsuccessful. The unborn child died.

Defendants' actions caused the death of the unborn child. Accordingly, they are liable to Plaintiffs for the following causes of actions:

| Count | Parties | Statute |
|---|---|---|
| 1 | Plaintiff-Issa v. Defendant-TDCJ | Title VII (disparate treatment, sex) |
| 2 | Plaintiff-Issa v. Defendant-TDCJ | Texas Labor Code (disparate treatment, sex) |
| 3 | Plaintiff-Issa v. Defendant-TDCJ | Title VII (hostile work environment, sex) |
| 4 | Plaintiff-Issa v. Defendant-TDCJ | Texas Labor Code (hostile work environment, sex) |
| 5 | Plaintiff-Issa v. Defendant-TDCJ | Title VII (disparate impact, sex) |
| 6 | Plaintiff-Issa v. Defendant-TDCJ | Texas Labor Code (disparate impact, sex) |
| 7 | Plaintiff-Issa v. Defendant-Hooper | § 1983 (equal protection) |
| 8 | Plaintiff-Issa v. Defendant-Thompson | § 1983 (equal protection) |
| 9 | Plaintiff-Issa v. Defendant-Hammond | § 1983 (equal protection) |
| 10 | Plaintiff-Issa v. Defendant Hooper | § 1983 (bodily integrity) |
| 11 | Plaintiff-Issa v. Defendant-Thompson | § 1983 (bodily integrity) |
| 12 | Plaintiff-Issa v. Defendant-Hammond | § 1983 (bodily integrity) |
| 13 | Plaintiff-Issa v. Defendant-Hooper | § 1983 (right to be a parent) |
| 14 | Plaintiff-Issa v. Defendant-Thompson | § 1983 (right to be a parent) |
| 15 | Plaintiff-Issa v. Defendant-Hammond | § 1983 (right to be a parent) |
| 16 | Plaintiff-Issa v. Defendant-Hammond | § 1983 (supervisory liability) |
| 17 | Plaintiff-Rukengeza v. Defendant-Hooper | § 1983 (right to be a parent) |
| 18 | Plaintiff-Rukengeza v. Defendant-Thompson | § 1983 (right to be a parent) |
| 19 | Plaintiff-Rukengeza v. Defendant-Hammond | § 1983 (right to be a parent) |
| 20 | Plaintiff-Issa and Plaintiff-Rukengeza, as next friends of their unborn child v. Defendant-Hooper | § 1983 (bodily integrity) |

| 21 | Plaintiff-Issa and Plaintiff-Rukengeza, as next friends of their unborn child v. Defendant-Thompson | § 1983 (bodily integrity) |
|----|----|----|
| 22 | Plaintiff-Issa and Plaintiff-Rukengeza, as next friends of their unborn child v. Defendant-Hammond | § 1983 (bodily integrity) |
| 23 | Plaintiff-Issa and Plaintiff-Rukengeza, as next friends of their unborn child v. Defendant-Hooper | § 1983 (right to life) |
| 24 | Plaintiff-Issa and Plaintiff-Rukengeza, as next friends of their unborn child v. Defendant-Thompson | § 1983 (right to life) |
| 25 | Plaintiff-Issa and Plaintiff-Rukengeza, as next friends of their unborn child v. Defendant-Hammond | § 1983 (right to life) |
| 26 | Plaintiff-Issa v. Defendant-TDCJ | ADA (denial of a reasonable accommodation) |
| 27 | Plaintiff-Issa v. Defendant-TDCJ | Texas Labor Code (denial of a reasonable accommodation) |
| 28 | Plaintiff-Issa v. Defendant-TDCJ | ADA (hostile work environment, disability) |
| 29 | Plaintiff-Issa v. Defendant-TDCJ | Texas Labor Code (hostile work environment, disability) |
| 30 | Plaintiff-Issa v. Defendant-TDCJ | ADA (disparate impact, disability) |
| 31 | Plaintiff-Issa v. Defendant-TDCJ | Texas Labor Code (disparate impact, disability) |

## PARTIES

1.      Defendant-TDCJ is an agency of the State of Texas.

2.      Defendant-TDCJ operates the John Middleton Unit in Abilene, Texas.

3.      Defendant-Hooper was employed by Defendant-TDCJ on November 15, 2021, as a lieutenant at the John Middleton Unit in Abilene, Texas.

4.      Defendant-Thompson was employed by Defendant-TDCJ on November 15, 2021, as a lieutenant at the John Middleton Unit in Abilene, Texas.

5.      Defendant-Hammond was employed by Defendant-TDCJ on November 15, 2021, as an assistant warden at the John Middleton Unit in Abilene, Texas.

6.      Plaintiff-Issa was employed by Defendant-TDCJ on November 15, 2021, as a corrections officer at the John Middleton Unit in Abilene, Texas.

7.      Plaintiff-Rukengeza was married to Plaintiff-Issa on November 15, 2021. On that date, Plaintiff-Issa and Plaintiff-Rukengeza were expecting a child together until the incident giving rise to this complaint.

8.      The unborn child was in Plaintiff-Issa's womb at approximately seven months' gestation.

## JURISDICTION

9.      This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343, as well as 42 U.S.C. § 2000e-5(f)(3).

10.     This Court has subject matter jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

## VENUE

11.     Venue is proper in accordance with 28 U.S.C. § 1391(b)(1), as Defendant-TDCJ resides in this district and all other defendants are residents of the State of Texas.

12.     Venue is proper in accordance with 42 U.S.C. § 2000e-5(f)(3), as this is a judicial district in the state in which the alleged unlawful employment practice occurred.

## CONDITIONS PRECEDENT

13.     All conditions precedent have been performed or have occurred.

## FACTS

14.     Plaintiff-Issa is female.

15.     On the evening of November 15, 2021, Plaintiff-Issa was working for Defendant-TDCJ at the John Middleton Unit in Abilene, Texas.

16.     Plaintiff-Issa was working as a corrections officer.

17.     Plaintiff-Issa was approximately seven months pregnant with Plaintiff-Rukengeza's child. The pregnancy had been healthy and without complication.

18.     At approximately 8:30pm, Plaintiff-Issa felt pain that was similar to a contraction.

19.     Plaintiff-Issa called one of the supervisors who was working, Defendant-Hooper.

20.     Defendant-Hooper is female.

21.     Plaintiff-Issa informed Defendant-Hooper of the pain that Plaintiff-Issa was experiencing.

22.     Plaintiff-Issa told Defendant-Hooper that she (Plaintiff-Issa) needed to go to the hospital.

23.     Defendant-Hooper told Plaintiff-Issa that she (Defendant-Hooper) would send someone to replace Plaintiff-Issa.

24.     Due to Defendant-TDCJ's policy, Plaintiff-Issa could not leave her post until a replacement was in place. Said policy of Defendant-TDCJ was implemented in various ways, including but not limited to PD-22, *General Rules of Conduct and Disciplinary Action Guidelines for Employees* (revision 17, effective November 1, 2021), page 37 of 66, para. 4, which states, "A correctional employee shall not leave the assigned security post until properly relieved."

25.     Approximately two minutes after Defendant-Hooper told Plaintiff-Issa that she (Defendant-Hooper) would send someone to replace Plaintiff-Issa, Defendant-Thompson called Plaintiff-Issa.

26.     Defendant-Thompson is male.

27.     Defendant-Thompson told Plaintiff-Issa that she could not leave.

28.     Plaintiff-Issa asked Defendant-Thompson why she could not leave.

29.     Defendant-Thompson told Plaintiff-Issa she could not leave because "the warden" said she could not leave.

30.     "[T]he warden" Defendant-Thompson was referencing was Defendant-Hammond.

31.     Defendant-Hammond is male.

32.     Plaintiff-Issa reiterated to Defendant-Thompson that she really needed to go to the hospital due to the pain she was experiencing.

33.     Defendant-Thompson told Plaintiff-Issa she could not leave, and then Defendant-Thompson hung up the phone.

34.     Plaintiff-Issa called Defendant-Thompson several more times on November 15, 2021, and informed him that she was still in pain and really needed to go to the hospital. During each call, Defendant-Thompson told Plaintiff-Issa that she could not leave.

35.     At approximately 11:00pm, Defendant-TDCJ sent another employee to relieve Plaintiff-Issa.

36.     Plaintiff-Issa walked to her car and drove immediately to the hospital, specifically, Hendricks Medical Center in Abilene, Texas. Plaintiff-Issa was moving slowly due to the extreme pain she was experiencing.

37.     When Plaintiff-Issa arrived, hospital personnel took her by wheelchair to a room.

38.     During examination, hospital personnel could not find the child's heartbeat.

39.     Plaintiff-Issa began bleeding.

40.     Hospital personnel rushed Plaintiff-Issa into surgery to attempt to save the child.

41.     Hospital personnel could not save the child, and the child was delivered stillborn.

42.     Hospital personnel told Plaintiff-Issa that, if she had arrived sooner, they could have saved the child.

43.     Plaintiff-Issa did not arrive at the hospital sooner because Defendants would not allow her to leave.

44.     On March 10, 2022, following several months of leave after the incident giving rise to this complaint, Plaintiff-Issa filed an internal discrimination complaint about the incident with

Defendant-TDCJ. Defendant-TDCJ did not interview Plaintiff-Issa or otherwise respond to her internal complaint in any manner.

## CAUSES OF ACTION

### Count 1—Plaintiff-Issa v. Defendant-TDCJ—Title VII (disparate treatment, sex)

45.     Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

46.     Defendant-TDCJ, through the actions of Defendants-Hooper, Thompson, and Hammond, disparately treated Plaintiff-Issa based on her status as a woman affected by pregnancy and a pregnancy-related medical condition.

47.     Defendant-TDCJ minimized Plaintiff-Issa's complaints due to her pregnancy, ignoring the urgency of the situation and ultimately causing the child's death. Defendant-TDCJ failed to treat a pregnancy emergency as it would have any other medical emergency.

48.     Plaintiff-Issa sought the accommodation of being able to leave, yet Defendant-TDCJ denied the accommodation, which they would have granted to an employee experiencing a non-pregnancy-related medical emergency. Based on information and belief, Defendant-TDCJ has granted the accommodation of being able to leave to other employees similar in their ability or inability to work who were experiencing non-pregnancy-related medical emergencies.

49.     Through the above-described conduct, Defendant-TDCJ disparately treated Plaintiff-Issa on the basis of sex in violation of Title VII of the Civil Rights Act of 1964 (and its subsequent amendments), 42 U.S.C. §§ 2000e et seq.

### Count 2—Plaintiff-Issa v. Defendant-TDCJ—Texas Labor Code (disparate treatment, sex)

50.     Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

51.     Defendant-TDCJ, through the actions of Defendants-Hooper, Thompson, and Hammond, disparately treated Plaintiff-Issa based on her status as a woman affected by pregnancy and a pregnancy-related medical condition.

52.     Defendant-TDCJ minimized Plaintiff-Issa's complaints due to her pregnancy, ignoring the urgency of the situation and ultimately causing the child's death. Defendant-TDCJ failed to treat a pregnancy emergency as it would have any other medical emergency.

53.     Plaintiff-Issa sought the accommodation of being able to leave, yet Defendant-TDCJ denied the accommodation, which they would have granted to an employee experiencing a non-pregnancy-related medical emergency. Based on information and belief, Defendant-TDCJ has granted the accommodation of being able to leave to other employees similar in their ability or inability to work who were experiencing non-pregnancy-related medical emergencies.

54.     Through the above-described conduct, Defendant-TDCJ disparately treated Plaintiff-Issa on the basis of sex in violation of Texas Labor Code, Chapter 21.

Count 3—Plaintiff-Issa v. Defendant-TDCJ—Title VII (hostile work environment, sex)

55.     Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

56.     Defendant-TDCJ, through the actions of Defendants-Hooper, Thompson, and Hammond, harassed Plaintiff-Issa by not allowing her to leave her employment post after Plaintiff-Issa informed Defendant-TDCJ that she was experiencing extreme pain consistent with a contraction while approximately seven months pregnant. This harassment was unwelcome. This harassment continued despite repeated pleas by Plaintiff-Issa to leave.

57.     Defendant-TDCJ's harassment was based on Plaintiff-Issa's sex. Defendant-TDCJ minimized Plaintiff-Issa's complaints due to her pregnancy, ignoring the urgency of the situation and ultimately causing the child's death. Defendant-TDCJ failed to treat a pregnancy emergency as it would have any other medical emergency.

58.     Defendant-TDCJ's harassment affected a term, condition, or privilege of Plaintiff-Issa's employment, as the harassment was sufficiently severe or pervasive to alter the conditions of Plaintiff-Issa's employment and create an abusive working environment.

59.     Defendant-TDCJ knew or should have known about the harassment in real time, as Plaintiff-Issa directed her complaints of pain and pleas for help through her supervisors, Defendants-Hooper and Thompson, who further informed Defendant-Hammond. Defendant-TDCJ failed to take prompt remedial action on November 15, 2021. Defendant-TDCJ further failed to take any remedial action—even action that was not prompt—by ignoring Plaintiff-Issa's internal complaint filed on March 10, 2022.

60.     Through the above-described conduct, Defendant-TDCJ created a hostile work environment for Plaintiff-Issa, thereby discriminating against Plaintiff-Issa on the basis of sex in violation of Title VII of the Civil Rights Act of 1964 (and its subsequent amendments), 42 U.S.C. §§ 2000e et seq.

   Count 4—Plaintiff-Issa v. Defendant-TDCJ—Texas Labor Code (hostile work environment, sex)

61.     Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

62.     Defendant-TDCJ, through the actions of Defendants-Hooper, Thompson, and Hammond, harassed Plaintiff-Issa by not allowing her to leave her employment post after Plaintiff-Issa informed Defendant-TDCJ that she was experiencing extreme pain consistent with a contraction while approximately seven months pregnant. This harassment was unwelcome. This harassment continued despite repeated pleas by Plaintiff-Issa to leave.

63.     Defendant-TDCJ's harassment was based on Plaintiff-Issa's sex. Defendant-TDCJ minimized Plaintiff-Issa's complaints due to her pregnancy, ignoring the urgency of the situation and ultimately causing the child's death. Defendant-TDCJ failed to treat a pregnancy emergency as it would have any other medical emergency.

64.     Defendant-TDCJ's harassment affected a term, condition, or privilege of Plaintiff-Issa's employment, as the harassment was sufficiently severe or pervasive to alter the conditions of Plaintiff-Issa's employment and create an abusive working environment.

65.     Defendant-TDCJ knew or should have known about the harassment in real time, as Plaintiff-Issa directed her complaints of pain and pleas for help through her supervisors, Defendants-Hooper and Thompson, who further informed Defendant-Hammond. Defendant-TDCJ failed to take prompt remedial action on November 15, 2021. Defendant-TDCJ further failed to take any remedial action—even action that was not prompt—by ignoring Plaintiff-Issa's internal complaint filed on March 10, 2022.

66.     Through the above-described conduct, Defendant-TDCJ created a hostile work environment for Plaintiff-Issa, thereby discriminating against Plaintiff-Issa on the basis of sex in violation of Texas Labor Code, Chapter 21.

<u>Count 5—Plaintiff-Issa v. Defendant-TDCJ—Title VII (disparate impact, sex)</u>

67.     Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

68.     On November 15, 2021, Defendant-TDCJ maintained a policy whereby corrections officers could not leave their post until a replacement was in place.

69.     On November 15, 2021, Plaintiff-Issa was a corrections officer who was prohibited from leaving her post until Defendant-TDCJ sent a replacement, which took over two hours despite Plaintiff-Issa's repeated calls for help.

70.     Defendant-TDCJ's policy, despite being facially neutral, disparately impacted Plaintiff-Issa on the basis of sex, resulting in Plaintiff-Issa losing the child that she was expecting with her husband, Plaintiff-Rukengeza.

71.     By maintaining the aforementioned policy that disparately impacted Plaintiff-Issa on the basis of sex, Defendant-TDCJ discriminated against Plaintiff-Issa on the basis of sex in violation of Title VII of the Civil Rights Act of 1964 (and its subsequent amendments), 42 U.S.C. §§ 2000e et seq.

<u>Count 6—Plaintiff-Issa v. Defendant-TDCJ—Texas Labor Code (disparate impact, sex)</u>

72.    Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

73.    On November 15, 2021, Defendant-TDCJ maintained a policy whereby corrections officers could not leave their post until a replacement was in place.

74.    On November 15, 2021, Plaintiff-Issa was a corrections officer who was prohibited from leaving her post until Defendant-TDCJ sent a replacement, which took over two hours despite Plaintiff-Issa's repeated calls for help.

75.    Defendant-TDCJ's policy, despite being facially neutral, disparately impacted Plaintiff-Issa on the basis of sex, resulting in Plaintiff-Issa losing the child that she was expecting with her husband, Plaintiff-Rukengeza.

76.    By maintaining the aforementioned policy that disparately impacted Plaintiff-Issa on the basis of sex, Defendant-TDCJ discriminated against Plaintiff-Issa on the basis of sex in violation of Texas Labor Code, Chapter 21.

<u>Count 7—Plaintiff-Issa v. Defendant-Hooper—§ 1983 (equal protection)</u>

77.    Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

78.    On November 15, 2021, Defendant-Hooper and Plaintiff-Issa were both engaged in public employment for Defendant-TDCJ.

79.    On November 15, 2021, Defendant-Hooper was acting under color of state law as a supervisor with workplace authority over Plaintiff-Issa.

80.    Through the actions described in counts one through four (1–4), Defendant-Hooper committed sex discrimination against Plaintiff-Issa while she was engaged in public employment, thereby violating the Equal Protection Clause of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

<u>Count 8—Plaintiff-Issa v. Defendant-Thompson—§ 1983 (equal protection)</u>

81.    Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

82.    On November 15, 2021, Defendant-Thompson and Plaintiff-Issa were both engaged in public employment for Defendant-TDCJ.

83.    On November 15, 2021, Defendant-Thompson was acting under color of state law as a supervisor with workplace authority over Plaintiff-Issa.

84.    Through the actions described in counts one through four (1–4), Defendant-Thompson committed sex discrimination against Plaintiff-Issa while she was engaged in public employment, thereby violating the Equal Protection Clause of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

<u>Count 9—Plaintiff-Issa v. Defendant-Hammond—§ 1983 (equal protection)</u>

85.    Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

86.    On November 15, 2021, Defendant-Hammond and Plaintiff-Issa were both engaged in public employment for Defendant-TDCJ.

87.    On November 15, 2021, Defendant-Hammond was acting under color of state law as a supervisor with workplace authority over Plaintiff-Issa.

88.    Through the actions described in counts one through four (1–4), Defendant-Hammond committed sex discrimination against Plaintiff-Issa while she was engaged in public employment, thereby violating the Equal Protection Clause of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

<u>Count 10—Plaintiff-Issa v. Defendant-Hooper—§ 1983 (bodily integrity)</u>

89.    Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

90.    On November 15, 2021, Defendant-Hooper and Plaintiff-Issa were both engaged in public employment for Defendant-TDCJ.

91.     On November 15, 2021, Defendant-Hooper was acting under color of state law as a supervisor with workplace authority over Plaintiff-Issa.

92.     Defendant-Hooper prevented Plaintiff-Issa from leaving her post and receiving necessary medical care, which exacerbated Plaintiff-Issa's pain, caused unnecessary complications to Plaintiff-Issa's pregnancy, and contributed to the need for emergency surgery.

93.     Such conduct by Defendant-Hooper shocks the conscience.

94.     Through the aforementioned actions, Defendant-Hooper subjected Plaintiff-Issa to state-occasioned damage to her bodily integrity, thereby violating the Due Process Clause of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

### Count 11—Plaintiff-Issa v. Defendant-Thompson—§ 1983 (bodily integrity)

95.     Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

96.     On November 15, 2021, Defendant-Thompson and Plaintiff-Issa were both engaged in public employment for Defendant-TDCJ.

97.     On November 15, 2021, Defendant-Thompson was acting under color of state law as a supervisor with workplace authority over Plaintiff-Issa.

98.     Defendant-Thompson prevented Plaintiff-Issa from leaving her post and receiving necessary medical care, which exacerbated Plaintiff-Issa's pain, caused unnecessary complications to Plaintiff-Issa's pregnancy, and contributed to the need for emergency surgery.

99.     Such conduct by Defendant-Thompson shocks the conscience.

100.    Through the aforementioned actions, Defendant-Thompson subjected Plaintiff-Issa to state-occasioned damage to her bodily integrity, thereby violating the Due Process Clause of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

### Count 12—Plaintiff-Issa v. Defendant-Hammond—§ 1983 (bodily integrity)

101.    Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

102.    On November 15, 2021, Defendant-Hammond and Plaintiff-Issa were both engaged in public employment for Defendant-TDCJ.

103.    On November 15, 2021, Defendant-Hammond was acting under color of state law as a supervisor with workplace authority over Plaintiff-Issa.

104.    Defendant-Hammond prevented Plaintiff-Issa from leaving her post and receiving necessary medical care, which exacerbated Plaintiff-Issa's pain, caused unnecessary complications to Plaintiff-Issa's pregnancy, and contributed to the need for emergency surgery.

105.    Such conduct by Defendant-Hammond shocks the conscience.

106.    Through the aforementioned actions, Defendant-Hammond subjected Plaintiff-Issa to state-occasioned damage to her bodily integrity, thereby violating the Due Process Clause of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

<u>Count 13—Plaintiff-Issa v. Defendant-Hooper—§ 1983 (right to be a parent)</u>

107.    Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

108.    On November 15, 2021, Defendant-Hooper's actions caused the death of Plaintiff-Issa's child, thereby terminating Plaintiff-Issa's opportunity to be a parent of that child.

109.    Defendant-Hooper denied Plaintiff-Issa the right to have offspring, as well as the right to control the upbringing of that offspring.

110.    Through the aforementioned actions, Defendant-Hooper violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

<u>Count 14—Plaintiff-Issa v. Defendant-Thompson—§ 1983 (right to be a parent)</u>

111.    Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

112.    On November 15, 2021, Defendant-Thompson's actions caused the death of Plaintiff-Issa's child, thereby terminating Plaintiff-Issa's opportunity to be a parent of that child.

113.    Defendant-Thompson denied Plaintiff-Issa the right to have offspring, as well as the right to control the upbringing of that offspring.

114.    Through the aforementioned actions, Defendant-Thompson violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

Count 15—Plaintiff-Issa v. Defendant-Hammond—§ 1983 (right to be a parent)

115.    Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

116.    On November 15, 2021, Defendant-Hammond's actions caused the death of Plaintiff-Issa's child, thereby terminating Plaintiff-Issa's opportunity to be a parent of that child.

117.    Defendant-Hammond denied Plaintiff-Issa the right to have offspring, as well as the right to control the upbringing of that offspring.

118.    Through the aforementioned actions, Defendant-Hammond violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

Count 16—Plaintiff-Issa v. Defendant-Hammond—§ 1983 (supervisory liability)

119.    Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

120.    On November 15, 2021, Defendants-Hooper, Thompson, and Hammond were acting under color of state law as employees for Defendant-TDCJ.

121.    Defendant-Hammond was in a supervisory position over Defendants-Hooper and Thompson.

122.    Defendant-Hammond learned of Plaintiff-Issa's pregnancy emergency through Defendants-Hooper and Thompson while the emergency was ongoing.

123.    Loss of the child was a known or obvious consequence of delaying medical care for Plaintiff-Issa's pregnancy emergency.

124.   Defendant-Hammond engaged in deliberate indifference to Plaintiff-Issa's constitutional rights by permitting Defendants-Hooper and Thompson to violate Plaintiff-Issa's constitutional rights.

125.   Through the aforementioned actions, Defendant-Hammond violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

<u>Count 17—Plaintiff-Rukengeza v. Defendant-Hooper—§ 1983 (right to be a parent)</u>

126.   Plaintiff-Rukengeza hereby incorporates all prior paragraphs of this complaint.

127.   On November 15, 2021, Defendant-Hooper's actions caused the death of Plaintiff-Rukengeza's child, thereby terminating Plaintiff-Rukengeza's opportunity to be a parent of that child.

128.   Defendant-Hooper denied Plaintiff-Rukengeza the right to have offspring, as well as the right to control the upbringing of that offspring.

129.   Through the aforementioned actions, Defendant-Hooper violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

<u>Count 18—Plaintiff-Rukengeza v. Defendant-Thompson—§ 1983 (right to be a parent)</u>

130.   Plaintiff-Rukengeza hereby incorporates all prior paragraphs of this complaint.

131.   On November 15, 2021, Defendant-Thompson's actions caused the death of Plaintiff-Rukengeza's child, thereby terminating Plaintiff-Rukengeza's opportunity to be a parent of that child.

132.   Defendant-Thompson denied Plaintiff-Rukengeza the right to have offspring, as well as the right to control the upbringing of that offspring.

133.   Through the aforementioned actions, Defendant-Thompson violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

Count 19—Plaintiff-Rukengeza v. Defendant-Hammond—§ 1983 (right to be a parent)

134.    Plaintiff-Rukengeza hereby incorporates all prior paragraphs of this complaint.

135.    On November 15, 2021, Defendant-Hammond's actions caused the death of Plaintiff-Rukengeza's child, thereby terminating Plaintiff-Rukengeza's opportunity to be a parent of that child.

136.    Defendant-Hammond denied Plaintiff-Rukengeza the right to have offspring, as well as the right to control the upbringing of that offspring.

137.    Through the aforementioned actions, Defendant-Hammond violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

Count 20—Plaintiff-Issa and Plaintiff-Rukengeza, as next friends of their unborn child

v. Defendant-Hooper—§ 1983 (bodily integrity)

138.    Plaintiffs hereby incorporate all prior paragraphs of this complaint.

139.    On November 15, 2021, Defendant-Hooper was engaged in public employment for Defendant-TDCJ.

140.    On November 15, 2021, Defendant-Hooper was acting under color of state law as a supervisor with workplace authority over the unborn child's mother, Plaintiff-Issa.

141.    By prohibiting Plaintiff-Issa from leaving, Defendant-Hooper subjected the unborn child to a cruel and inhumane death, whereby the child slowly died in the womb.

142.    Such conduct by Defendant-Hooper shocks the conscience.

143.    Through the aforementioned actions, Defendant-Hooper subjected the unborn child to state-occasioned damage to its bodily integrity, thereby violating the Due Process Clause of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

<u>Count 21—Plaintiff-Issa and Plaintiff-Rukengeza, as next friends of their unborn child</u>

<u>v. Defendant-Thompson—§ 1983 (bodily integrity)</u>

144.    Plaintiffs hereby incorporate all prior paragraphs of this complaint.

145.    On November 15, 2021, Defendant-Thompson was engaged in public employment for Defendant-TDCJ.

146.    On November 15, 2021, Defendant-Thompson was acting under color of state law as a supervisor with workplace authority over the unborn child's mother, Plaintiff-Issa.

147.    By prohibiting Plaintiff-Issa from leaving, Defendant-Thompson subjected the unborn child to a cruel and inhumane death, whereby the child slowly died in the womb.

148.    Such conduct by Defendant-Thompson shocks the conscience.

149.    Through the aforementioned actions, Defendant-Thompson subjected the unborn child to state-occasioned damage to its bodily integrity, thereby violating the Due Process Clause of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

<u>Count 22—Plaintiff-Issa and Plaintiff-Rukengeza, as next friends of their unborn child</u>

<u>v. Defendant-Hammond—§ 1983 (bodily integrity)</u>

150.    Plaintiffs hereby incorporate all prior paragraphs of this complaint.

151.    On November 15, 2021, Defendant-Hammond was engaged in public employment for Defendant-TDCJ.

152.    On November 15, 2021, Defendant-Hammond was acting under color of state law as a supervisor with workplace authority over the unborn child's mother, Plaintiff-Issa.

153.    By prohibiting Plaintiff-Issa from leaving, Defendant-Hammond subjected the unborn child to a cruel and inhumane death, whereby the child slowly died in the womb.

154.    Such conduct by Defendant-Hammond shocks the conscience.

155.    Through the aforementioned actions, Defendant-Hammond subjected the unborn child to state-occasioned damage to its bodily integrity, thereby violating the Due Process Clause of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

Count 23—Plaintiff-Issa and Plaintiff-Rukengeza, as next friends of their unborn child
v. Defendant-Hooper—§ 1983 (right to life)

156.    Plaintiffs hereby incorporate all prior paragraphs of this complaint.

157.    On November 15, 2021, Defendant-Hooper was engaged in public employment for Defendant-TDCJ.

158.    On November 15, 2021, Defendant-Hooper was acting under color of state law as a supervisor with workplace authority over the unborn child's mother, Plaintiff-Issa.

159.    By prohibiting Plaintiff-Issa from leaving, Defendant-Hooper subjected the unborn child to a cruel and inhumane death, whereby the child slowly died in the womb.

160.    Such conduct by Defendant-Hooper shocks the conscience.

161.    Through the aforementioned actions, Defendant-Hooper deprived the unborn child of its right to life, thereby violating the Due Process Clause of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

Count 24—Plaintiff-Issa and Plaintiff-Rukengeza, as next friends of their unborn child
v. Defendant-Thompson—§ 1983 (right to life)

162.    Plaintiffs hereby incorporate all prior paragraphs of this complaint.

163.    On November 15, 2021, Defendant-Thompson was engaged in public employment for Defendant-TDCJ.

164.    On November 15, 2021, Defendant-Thompson was acting under color of state law as a supervisor with workplace authority over the unborn child's mother, Plaintiff-Issa.

165.    By prohibiting Plaintiff-Issa from leaving, Defendant-Thompson subjected the unborn child to a cruel and inhumane death, whereby the child slowly died in the womb.

166.    Such conduct by Defendant-Thompson shocks the conscience.

167.    Through the aforementioned actions, Defendant-Thompson deprived the unborn child of its right to life, thereby violating the Due Process Clause of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

Count 25—Plaintiff-Issa and Plaintiff-Rukengeza, as next friends of their unborn child

v. Defendant-Hammond—§ 1983 (right to life)

168.    Plaintiffs hereby incorporate all prior paragraphs of this complaint.

169.    On November 15, 2021, Defendant-Hammond was engaged in public employment for Defendant-TDCJ.

170.    On November 15, 2021, Defendant-Hammond was acting under color of state law as a supervisor with workplace authority over the unborn child's mother, Plaintiff-Issa.

171.    By prohibiting Plaintiff-Issa from leaving, Defendant-Hammond subjected the unborn child to a cruel and inhumane death, whereby the child slowly died in the womb.

172.    Such conduct by Defendant-Hammond shocks the conscience.

173.    Through the aforementioned actions, Defendant-Hammond deprived the unborn child of its right to life, thereby violating the Due Process Clause of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

Count 26—Plaintiff-Issa v. Defendant-TDCJ—ADA (denial of a reasonable accommodation)

174.    Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

175.    On November 15, 2021, Plaintiff-Issa suffered from a disability.

176.    Plaintiff-Issa's pregnancy emergency constituted her disability, as it impacted the operation of her major bodily functions and it impacted the ability of her to perform major life activities.

Plaintiff-Issa's disability impacted her ability to concentrate, think, work, and perform other manual tasks, and the disability impacted the operation of—and in fact was based upon—her reproductive functions.

177.   Plaintiff-Issa informed Defendant-TDCJ of the disability and Plaintiff-Issa sought the accommodation of being able to leave, which was reasonable.

178.   Defendant-TDCJ denied the accommodation.

179.   Through the above-described conduct, Defendant-TDCJ denied Plaintiff-Issa a reasonable accommodation, thereby discriminating against Plaintiff-Issa on the basis of disability in violation of the Americans with Disabilities Act of 1990 (and its subsequent amendments), 42 U.S.C. §§ 12101 et seq.

Count 27—Plaintiff-Issa v. Defendant-TDCJ—Texas Labor Code (denial of a reasonable accommodation)

180.   Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

181.   On November 15, 2021, Plaintiff-Issa suffered from a disability.

182.   Plaintiff-Issa's pregnancy emergency constituted her disability, as it impacted the operation of her major bodily functions and it impacted the ability of her to perform major life activities. Plaintiff-Issa's disability impacted her ability to concentrate, think, work, and perform other manual tasks, and the disability impacted the operation of—and in fact was based upon—her reproductive functions.

183.   Plaintiff-Issa informed Defendant-TDCJ of the disability and Plaintiff-Issa sought the accommodation of being able to leave, which was reasonable.

184.   Defendant-TDCJ denied the accommodation.

185.    Through the above-described conduct, Defendant-TDCJ denied Plaintiff-Issa a reasonable accommodation, thereby discriminating against Plaintiff-Issa on the basis of disability in violation of Texas Labor Code, Chaptr 21.

   Count 28—Plaintiff-Issa v. Defendant-TDCJ—ADA (hostile work environment, disability)

186.    Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

187.    On November 15, 2021, Plaintiff-Issa suffered from a disability.

188.    Plaintiff-Issa's pregnancy emergency constituted her disability, as it impacted the operation of her major bodily functions and it impacted the ability of her to perform major life activities. Plaintiff-Issa's disability impacted her ability to concentrate, think, work, and perform other manual tasks, and the disability impacted the operation of—and in fact was based upon—her reproductive functions.

189.    Plaintiff-Issa informed Defendant-TDCJ of the disability and Plaintiff-Issa sought the accommodation of being able to leave.

190.    Defendant-TDCJ, through the actions of Defendants-Hooper, Thompson, and Hammond, harassed Plaintiff-Issa by not allowing her to leave her employment post after Plaintiff-Issa informed Defendant-TDCJ that she was experiencing extreme pain consistent with a contraction while approximately seven months pregnant. This harassment was unwelcome. This harassment continued despite repeated pleas by Plaintiff-Issa to leave.

191.    Defendant-TDCJ's harassment was based on Plaintiff-Issa's disability. Defendant-TDCJ minimized Plaintiff-Issa's complaints due to her pregnancy, ignoring the urgency of the situation and ultimately causing the child's death. Defendant-TDCJ failed to treat a pregnancy emergency as it would have any other medical emergency.

192.     Defendant-TDCJ's harassment affected a term, condition, or privilege of Plaintiff-Issa's employment, as the harassment was sufficiently severe or pervasive to alter the conditions of Plaintiff-Issa's employment and create an abusive working environment.

193.     Defendant-TDCJ knew or should have known about the harassment in real time, as Plaintiff-Issa directed her complaints of pain and pleas for help through her supervisors, Defendants-Hooper and Thompson, who further informed Defendant-Hammond. Defendant-TDCJ failed to take prompt remedial action on November 15, 2021. Defendant-TDCJ further failed to take any remedial action—even action that was not prompt—by ignoring Plaintiff-Issa's internal complaint filed on March 10, 2022.

194.     Through the above-described conduct, Defendant-TDCJ created a hostile work environment for Plaintiff-Issa, thereby discriminating against Plaintiff-Issa on the basis of disability in violation of the Americans with Disabilities Act of 1990 (and its subsequent amendments), 42 U.S.C. §§ 12101 et seq.

<u>Count 29—Plaintiff-Issa v. Defendant-TDCJ—Texas Labor Code (hostile work environment, disability)</u>

195.     Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

196.     On November 15, 2021, Plaintiff-Issa suffered from a disability.

197.     Plaintiff-Issa's pregnancy emergency constituted her disability, as it impacted the operation of her major bodily functions and it impacted the ability of her to perform major life activities. Plaintiff-Issa's disability impacted her ability to concentrate, think, work, and perform other manual tasks, and the disability impacted the operation of—and in fact was based upon—her reproductive functions.

198.     Plaintiff-Issa informed Defendant-TDCJ of the disability and Plaintiff-Issa sought the accommodation of being able to leave.

199.    Defendant-TDCJ, through the actions of Defendants-Hooper, Thompson, and Hammond, harassed Plaintiff-Issa by not allowing her to leave her employment post after Plaintiff-Issa informed Defendant-TDCJ that she was experiencing extreme pain consistent with a contraction while approximately seven months pregnant. This harassment was unwelcome. This harassment continued despite repeated pleas by Plaintiff-Issa to leave.

200.    Defendant-TDCJ's harassment was based on Plaintiff-Issa's disability. Defendant-TDCJ minimized Plaintiff-Issa's complaints due to her pregnancy, ignoring the urgency of the situation and ultimately causing the child's death. Defendant-TDCJ failed to treat a pregnancy emergency as it would have any other medical emergency.

201.    Defendant-TDCJ's harassment affected a term, condition, or privilege of Plaintiff-Issa's employment, as the harassment was sufficiently severe or pervasive to alter the conditions of Plaintiff-Issa's employment and create an abusive working environment.

202.    Defendant-TDCJ knew or should have known about the harassment in real time, as Plaintiff-Issa directed her complaints of pain and pleas for help through her supervisors, Defendants-Hooper and Thompson, who further informed Defendant-Hammond. Defendant-TDCJ failed to take prompt remedial action on November 15, 2021. Defendant-TDCJ further failed to take any remedial action—even action that was not prompt—by ignoring Plaintiff-Issa's internal complaint filed on March 10, 2022.

203.    Through the above-described conduct, Defendant-TDCJ created a hostile work environment for Plaintiff-Issa, thereby discriminating against Plaintiff-Issa on the basis of disability in violation of Texas Labor Code, Chapter 21.

Count 30—Plaintiff-Issa v. Defendant-TDCJ—ADA (disparate impact, disability)

204.    Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

205.    On November 15, 2021, Plaintiff-Issa suffered from a disability.

206.    Plaintiff-Issa's pregnancy emergency constituted her disability, as it impacted the operation of her major bodily functions and it impacted the ability of her to perform major life activities. Plaintiff-Issa's disability impacted her ability to concentrate, think, work, and perform other manual tasks, and the disability impacted the operation of—and in fact was based upon—her reproductive functions.

207.    On November 15, 2021, Defendant-TDCJ maintained a policy whereby corrections officers could not leave their post until a replacement was in place.

208.    On November 15, 2021, Plaintiff-Issa was a corrections officer who was prohibited from leaving her post until Defendant-TDCJ sent a replacement, which took over two hours despite Plaintiff-Issa's repeated calls for help.

209.    Defendant-TDCJ's policy, despite being facially neutral, disparately impacted Plaintiff-Issa on the basis of disability, resulting in Plaintiff-Issa losing the child that she was expecting with her husband, Plaintiff-Rukengeza.

210.    By maintaining the aforementioned policy that disparately impacted Plaintiff-Issa on the basis of disability, Defendant-TDCJ discriminated against Plaintiff-Issa on the basis of disability in violation of the Americans with Disabilities Act of 1990 (and its subsequent amendments), 42 U.S.C. §§ 12101 et seq.

Count 31—Plaintiff-Issa v. Defendant-TDCJ—Texas Labor Code (disparate impact, disability)

211.    Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

212.    On November 15, 2021, Plaintiff-Issa suffered from a disability.

213.    Plaintiff-Issa's pregnancy emergency constituted her disability, as it impacted the operation of her major bodily functions and it impacted the ability of her to perform major life activities. Plaintiff-Issa's disability impacted her ability to concentrate, think, work, and perform other manual

tasks, and the disability impacted the operation of—and in fact was based upon—her reproductive functions.

214.    On November 15, 2021, Defendant-TDCJ maintained a policy whereby corrections officers could not leave their post until a replacement was in place.

215.    On November 15, 2021, Plaintiff-Issa was a corrections officer who was prohibited from leaving her post until Defendant-TDCJ sent a replacement, which took over two hours despite Plaintiff-Issa's repeated calls for help.

216.    Defendant-TDCJ's policy, despite being facially neutral, disparately impacted Plaintiff-Issa on the basis of disability, resulting in Plaintiff-Issa losing the child that she was expecting with her husband, Plaintiff-Rukengeza.

217.    By maintaining the aforementioned policy that disparately impacted Plaintiff-Issa on the basis of disability, Defendant-TDCJ discriminated against Plaintiff-Issa on the basis of disability in violation of Texas Labor Code, Chapter 21.

## DAMAGES

218.    As a result of Defendants' actions, Plaintiffs suffered the following compensatory damages:

   a.  Medical expenses in the past and in the future;

   b.  Lost earnings;

   c.  Loss of earning capacity in the past and in the future;

   d.  Physical pain and suffering in the past and in the future;

   e.  Mental and emotional pain and anguish in the past and in the future;

   f.  Loss of consortium in the past and in the future;

   g.  Disfigurement in the past and in the future;

   h.  Physical impairment in the past and in the future;

   i.  Loss of companionship and society in the past and in the future;

j.   Inconvenience in the past and in the future;

k.   Loss of enjoyment of life in the past and in the future; and

l.   Injury to reputation in the past and in the future.

219.   The assessment of exemplary (punitive) damages against Defendants-Hooper, Thompson and Hammond is warranted because their actions were undertaken with reckless or callous indifference to Plaintiffs' federally protected rights.

## ATTORNEY FEES & COSTS

220.   Plaintiffs are entitled to and request an award of attorney fees and litigation costs (including expert fees) pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 2000e-5(k), and Texas Labor Code § 21.259.

## JURY DEMAND

221.   Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby demand a jury trial.

## PRAYER FOR RELIEF

222.   For these reasons, Plaintiffs request a judgment against Defendants for the following:

a. Compensatory damages against Defendants, jointly and severally;

b. Exemplary (punitive) damages against Defendants-Hooper, Thompson, and Hammond;

c. Attorney fees and litigation costs (including expert fees);

d. Prejudgment and postjudgment interest at the highest allowable rates;

e. Court costs, including the cost of filing suit; and

f. All other relief which may be just and proper under the circumstances.

Respectfully submitted,

/s/ Ross A. Brennan
Bar No. 29842-64
Cronauer Law, LLP
7500 Rialto Blvd, Bldg 1, Ste 250
Austin, TX 78735
ross@cronauerlaw.com
512-733-5151 (phone)
815-895-4070 (fax)