IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SALIA ISSA, FISTON RUKENGEZA, and SALIA ISSA and FISTON RUKENGEZA as next friends of their unborn child,<br>    *Plaintiffs*,<br><br>v.<br><br>TEXAS DEPARTMENT OF CRIMINAL JUSTICE, LT. BRANDY HOOPER, individually, LT. DESMOND THOMPSON, individually, and ASSIST. WARDEN ALONZO HAMMOND, individually,<br>    *Defendants*. | § § § § § § § § § § § § § | CIVIL ACTION NO. 1:22-cv-1107-LY |

## THE PARTIES' JOINT MOTION TO AMEND BRIEFING SCHEDULE

TO THE HONORABLE DISTRICT COURT JUDGE LEE YEAKEL:

On October 31, 2022, Plaintiffs Salia Issa; Fiston Rukengeza; and Salia Issa and Fiston Rukengeza as next of friends of their unborn child ("Plaintiffs") filed their original complaint. Dkt. #1. On December 9, 2022, Defendants Texas Department of Criminal Justice ("TDCJ"); Lt. Desmond Thompson, individually; and Assistant Warden Alonzo Hammond, individually ("Defendants") filed their motions to dismiss. Dkt. #8; Dkt. #9. Based on the demands placed on counsel by other litigation matters, the upcoming winter holiday, and the complexity of the issues raised in Defendants' motions, counsel for both Plaintiffs and Defendants (collectively, "the Parties") believe that good cause exists to amend the deadlines set by the Local Rules. Therefore, the Parties respectfully asks the Court to amend the briefing schedule with regards to the pending motions to dismiss filed by Defendants.

## STANDARD OF REVIEW

"When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion if . . . a request is made before[] the original time or its extension expires." FED. R. CIV. P. 6(b)(1); *see also* FED. R. CIV. P. 16(b)(4) (applying the same good cause standard for modifications to a schedule). The good cause standard requires "the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). "Rule 6(b)(1)(A) gives the court wide discretion to grant a request for additional time that is made prior to the expiration of the period originally prescribed or prior to the expiration of the period as extended by a previous order." Charles Alan Wright & Arthur R. Miller, 4B FED. PRAC. & PROC. CIV. § 1165 (4th ed. April 2017). "[A]n application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.*

## ARGUMENTS & AUTHORITIES

Under the Local Rules for the Western District of Texas, a response to a dispositive motion "shall be filed not later than 14 days after the filing of the motion" and replies "shall be filed not later than 7 days after the filing of the response to the motion." W.D. L.R. CIV. R. 7.D.2, E.2. Defendants' motions to dismiss were filed on December 9, 2022 (Dkt. #8; Dkt. #9), making Plaintiffs' responses due on December 23, 2022, and Defendants' replies due December 30, 2022. *See id.* Considering the other personal and professional obligations imposed on the Parties' counsel between December 9 and December 30, the complexity of the issues presented by Plaintiffs' claims and Defendants' arguments (including sovereign and qualified immunity), the Parties believe good cause exists to amend these deadlines.

**PRAYER**

The Parties respectfully ask the Court to enter the following briefing schedule:

- Plaintiffs' response to Defendants' pending motions to dismiss shall be filed not later than January 6, 2023. Alternatively, should Plaintiffs seek to instead amend their complaint as a matter of course under Federal Rule of Civil Procedure 15(a), such amended complaint shall be filed not later than January 6, 2023.

- Should Plaintiff file a response to Defendants' pending motions to dismiss, Defendants' reply thereto shall be filed not later than January 20, 2023.

| | |
|---|---|
| Date: December 13, 2022 | Respectfully Submitted, |
| /s/ *Ross A. Brennan*<br>(signed with permission)<br>ROSS A. BRENNAN<br>Texas Bar No. 29842-64<br>Cronauer Law, LLP<br>7500 Rialto Blvd, Bldg 1, Ste 250<br>Austin, TX 78735<br>ross@cronauerlaw.com<br>512-733-5151 (phone)<br>815-895-4070 (fax)<br><br>**ATTORNEY FOR PLAINTIFFS** | KEN PAXTON<br>Attorney General of Texas<br><br>BRENT WEBSTER<br>First Assistant Attorney General<br><br>GRANT DORFMAN<br>Deputy First Assistant Attorney General<br><br>SHAWN COWLES<br>Deputy Attorney General for Civil Litigation<br><br>SHANNA MOLINARE<br>Chief, Law Enforcement Defense Division<br><br>/s/ *Benjamin L. Dower*<br>BENJAMIN L. DOWER<br>Special Litigation Counsel<br>Texas Bar No. 24082931<br>Attorney-in-Charge<br>Benjamin.Dower@oag.texas.gov<br><br>Office of the Attorney General<br>Law Enforcement Defense Division |

P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 370-9994

**ATTORNEYS FOR DEFENDANTS TDCJ, LT. THOMPSON, AND ASSISTANT WARDEN HAMMOND**

### CERTIFICATE OF CONFERENCE

I, BENJAMIN L. DOWER, certify that on December 13, 2022, I spoke with Plaintiffs' Counsel Ross Brennan regarding the relief sought in this motion. Mr. Brennan and the undersigned agreed that the Parties would jointly seek the relief identified herein and—given that Mr. Brennan was in trial—the undersigned would file that joint motion.

/s/ *Benjamin L. Dower*
BENJAMIN L. DOWER
Special Litigation Counsel

### CERTIFICATE OF SERVICE

I, BENJAMIN L. DOWER, certify that a true and correct copy of the foregoing document was filed and served via the Court's CM/ECF document filing system on December 13, 2022 to:

Ross A. Brennan
Cronauer Law, LLP
7500 Rialto Blvd
Bldg 1, Ste 250
Austin, TX 78735
512-733-5151
Fax: 815-895-4070
Email: ross@cronauerlaw.com
**ATTORNEY FOR PLAINTIFFS**

/s/ *Benjamin L. Dower*
BENJAMIN L. DOWER
Special Litigation Counsel

4