IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Salia Issa, | ) | |
| Fiston Rukengeza, and | ) | |
| Salia Issa and Fiston Rukengeza as | ) | |
| next friends of their unborn child, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO: 1:22-cv-1107-LY |
| | ) | |
| | ) | |
| Texas Department of Criminal Justice, | ) | |
| Lt. Brandy Hooper, individually, | ) | |
| Lt. Desmond Thompson, individually, and | ) | |
| Assist. Warden Alonzo Hammond, individually, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

_____

## PLAINTIFFS' SECOND AMENDED COMPLAINT

This case arises from the Texas Department of Criminal Justice (Defendant-TDCJ) refusing to allow one of its employees, Salia Issa (Plaintiff-Issa), to leave her place of employment while Plaintiff-Issa was approximately seven months pregnant—notwithstanding the fact that Plaintiff-Issa was experiencing a pregnancy emergency and notwithstanding the fact that Plaintiff-Issa repeatedly informed Defendant-TDCJ, through its agents Brandy Hooper (Defendant-Hooper), Desmond Thompson (Defendant-Thompson), and Alonzo Hammond (Defendant-Hammond), of the pregnancy emergency. Plaintiff-Issa was not allowed to leave for over two hours. When Plaintiff-Issa left, she drove immediately to the hospital, where emergency surgery was unsuccessful. The unborn child died.

Defendants' actions caused the death of the unborn child that Plaintiff-Issa was expecting with her husband, Fiston Rukengeza (Plaintiff-Rukengeza). Accordingly, Defendants are liable to Plaintiffs for the following causes of actions:

| Count | Parties | Statute |
|---|---|---|
| 1 | Plaintiff-Issa v. Defendant-TDCJ | Title VII (disparate treatment, sex) |
| 2 | Plaintiff-Issa v. Defendant-TDCJ | Texas Labor Code (disparate treatment, sex) |
| 3 | Plaintiff-Issa v. Defendant-TDCJ | Title VII (hostile work environment, sex) |
| 4 | Plaintiff-Issa v. Defendant-TDCJ | Texas Labor Code (hostile work environment, sex) |
| 5 | Plaintiff-Issa v. Defendant-TDCJ | Title VII (disparate impact, sex) |
| 6 | Plaintiff-Issa v. Defendant-TDCJ | Texas Labor Code (disparate impact, sex) |
| 7 | Plaintiff-Issa v. Defendant-Hooper | § 1983 (equal protection) |
| 8 | Plaintiff-Issa v. Defendant-Thompson | § 1983 (equal protection) |
| 9 | Plaintiff-Issa v. Defendant-Hammond | § 1983 (equal protection) |
| 10 | Plaintiff-Issa v. Defendant Hooper | § 1983 (bodily integrity) |
| 11 | Plaintiff-Issa v. Defendant-Thompson | § 1983 (bodily integrity) |
| 12 | Plaintiff-Issa v. Defendant-Hammond | § 1983 (bodily integrity) |
| 13 | Plaintiff-Issa v. Defendant-Hooper | § 1983 (right to be a parent) |
| 14 | Plaintiff-Issa v. Defendant-Thompson | § 1983 (right to be a parent) |
| 15 | Plaintiff-Issa v. Defendant-Hammond | § 1983 (right to be a parent) |
| 16 | Plaintiff-Issa v. Defendant-Hammond | § 1983 (supervisory liability) |
| 17 | Plaintiff-Rukengeza v. Defendant-Hooper | § 1983 (right to be a parent) |
| 18 | Plaintiff-Rukengeza v. Defendant-Thompson | § 1983 (right to be a parent) |

| 19 | Plaintiff-Rukengeza v. Defendant-Hammond | § 1983 (right to be a parent) |
|---|---|---|
| 20 | Plaintiff-Issa and Plaintiff-Rukengeza, as next friends of their unborn child v. Defendant-Hooper | § 1983 (bodily integrity) |
| 21 | Plaintiff-Issa and Plaintiff-Rukengeza, as next friends of their unborn child v. Defendant-Thompson | § 1983 (bodily integrity) |
| 22 | Plaintiff-Issa and Plaintiff-Rukengeza, as next friends of their unborn child v. Defendant-Hammond | § 1983 (bodily integrity) |
| 23 | Plaintiff-Issa and Plaintiff-Rukengeza, as next friends of their unborn child v. Defendant-Hooper | § 1983 (right to life) |
| 24 | Plaintiff-Issa and Plaintiff-Rukengeza, as next friends of their unborn child v. Defendant-Thompson | § 1983 (right to life) |
| 25 | Plaintiff-Issa and Plaintiff-Rukengeza, as next friends of their unborn child v. Defendant-Hammond | § 1983 (right to life) |
| 26 | Plaintiff-Issa v. Defendant-TDCJ | Texas Labor Code (denial of a reasonable accommodation) |
| 27 | Plaintiff-Issa v. Defendant-TDCJ | Texas Labor Code (hostile work environment, disability) |
| 28 | Plaintiff-Issa v. Defendant-TDCJ | Texas Labor Code (disparate impact, disability) |
| 29 | Plaintiff-Issa v. Defendant-TDCJ | Rehabilitation Act (denial of a reasonable accommodation) |
| 30 | Plaintiff-Issa v. Defendant-TDCJ | Rehabilitation Act (hostile work environment) |
| 31 | Plaintiff-Issa v. Defendant-TDCJ | Family and Medical Leave Act (family-care provision) |

## PARTIES

1.       Defendant-TDCJ is an agency of the State of Texas.

2.       Defendant-TDCJ operates the John Middleton Unit in Abilene, Texas.

3.       Defendant-Hooper was employed by Defendant-TDCJ on November 15, 2021, as a lieutenant at the John Middleton Unit in Abilene, Texas.

4.       Defendant-Thompson was employed by Defendant-TDCJ on November 15, 2021, as a lieutenant at the John Middleton Unit in Abilene, Texas.

5.       Defendant-Hammond was employed by Defendant-TDCJ on November 15, 2021, as an assistant warden at the John Middleton Unit in Abilene, Texas.

6.       Plaintiff-Issa was employed by Defendant-TDCJ on November 15, 2021, as a corrections officer at the John Middleton Unit in Abilene, Texas.

7.       Plaintiff-Rukengeza was married to Plaintiff-Issa on November 15, 2021. On that date, Plaintiff-Issa and Plaintiff-Rukengeza were expecting a child together until the incident giving rise to this complaint.

8.       The unborn child was in Plaintiff-Issa's womb at approximately seven months gestation.

## JURISDICTION

9.       This Court has subject matter jurisdiction over the federal claims pursuant to

28 U.S.C. §§ 1331 and 1343, as well as 42 U.S.C. § 2000e-5(f)(3), 29 U.S.C. § 2617(a)(2), and 29 U.S.C. § 794a(a)(2).

10.       This Court has subject matter jurisdiction over the state claims pursuant to

28 U.S.C. § 1367.

## VENUE

11.       Venue is proper in accordance with 28 U.S.C. § 1391(b)(1), as Defendant-TDCJ resides in this district and all other defendants are residents of the State of Texas.

12.     Venue is proper in accordance with 42 U.S.C. § 2000e-5(f)(3), as this is a judicial district in the state in which the alleged unlawful employment practice occurred.

## CONDITIONS PRECEDENT

13.     All conditions precedent have been performed or have occurred.

## FACTS

14.     Plaintiff-Issa is female.

15.     On the evening of November 15, 2021, Plaintiff-Issa was working for Defendant-TDCJ at the John Middleton Unit in Abilene, Texas.

16.     Plaintiff-Issa was working as a corrections officer.

17.     Plaintiff-Issa was approximately seven months pregnant with Plaintiff-Rukengeza's child.

18.     The pregnancy had been healthy and without complication. At approximately seven-months gestation, the child was well past the point of viability outside of Plaintiff-Issa's womb. The child's heartbeat had previously been detected.

19.     At approximately 8:30 pm on November 15, 2021, Plaintiff-Issa felt pain that was similar to a contraction.

20.     Plaintiff-Issa called one of the supervisors who was working, Defendant-Hooper.

21.     Defendant-Hooper is female.

22.     Plaintiff-Issa informed Defendant-Hooper of the pain that Plaintiff-Issa was experiencing.

23.     Plaintiff-Issa told Defendant-Hooper that she (Plaintiff-Issa) needed to go to the hospital.

24.     Defendant-Hooper told Plaintiff-Issa that she (Defendant-Hooper) would send someone to replace Plaintiff-Issa.

25.     Defendant-Hooper did not send anyone to replace Plaintiff-Issa.

26.     Pursuant to Defendant-TDCJ policy, Plaintiff-Issa was prohibited from leaving her post without authorization, and Plaintiff-Issa was prohibited from leaving her post until a replacement was in place.

27.     Said policy of Defendant-TDCJ was implemented in various ways, including but not limited to PD-22, *General Rules of Conduct and Disciplinary Action Guidelines for Employees* (revision 17, effective November 1, 2021), page 37 of 66, rule 4, which states, "An employee shall not leave the assigned work area without proper authorization. A correctional employee shall not leave the assigned security post until properly relieved."

28.     Pursuant to Defendant-TDCJ policy, Plaintiff-Issa was subject to dismissal (i.e., termination or firing) if she left without authorization or prior to being relieved by another employee.

29.     Said policy of Defendant-TDCJ was implemented in various ways, including but not limited to PD-22, *General Rules of Conduct and Disciplinary Action Guidelines for Employees* (revision 17, effective November 1, 2021), page 53 of 66, Attachment C.

30.     Approximately two minutes after Defendant-Hooper told Plaintiff-Issa that she (Defendant-Hooper) would send someone to replace Plaintiff-Issa, Defendant-Thompson called Plaintiff-Issa.

31.     Defendant-Thompson is male.

32.     Defendant-Thompson told Plaintiff-Issa that she could not leave.

33.     Plaintiff-Issa asked Defendant-Thompson why she could not leave.

34.     Defendant-Thompson told Plaintiff-Issa she could not leave because "the warden" said she could not leave.

35.     "[T]he warden" Defendant-Thompson was referencing was Defendant-Hammond.

36.     Defendant-Hammond is male.

37. Plaintiff-Issa reiterated to Defendant-Thompson that she really needed to go to the hospital due to the pain she was experiencing.

38. Defendant-Thompson told Plaintiff-Issa she could not leave, and then Defendant-Thompson hung up the phone.

39. Plaintiff-Issa called Defendant-Thompson several more times on November 15, 2021, and informed him that she was still in pain and really needed to go to the hospital. During each call, Defendant-Thompson told Plaintiff-Issa that she could not leave.

40. At various times during calls with Plaintiff-Issa on November 15, 2021, Defendant-Thompson accused Plaintiff-Issa of fabricating her pregnancy emergency, saying words to the effect of, "You just got here," "You're just lying," and "You just want to go home."

41. At approximately 11:00pm, Defendant-TDCJ sent another employee to relieve Plaintiff-Issa.

42. Plaintiff-Issa walked to her car and drove immediately to the hospital, specifically, Hendricks Medical Center in Abilene, Texas. Plaintiff-Issa was moving slowly due to the extreme pain she was experiencing.

43. When Plaintiff-Issa arrived, hospital personnel took her by wheelchair to a room.

44. During examination, hospital personnel could not find the child's heartbeat.

45. Plaintiff-Issa began bleeding.

46. Hospital personnel rushed Plaintiff-Issa into surgery to attempt to save the child.

47. Hospital personnel could not save the child, and the child was delivered stillborn.

48. Hospital personnel told Plaintiff-Issa that, if she had arrived sooner, they could have saved the child.

49. Plaintiff-Issa did not arrive at the hospital sooner because Defendants would not allow her to leave.

50. On November 15, 2021, no exigent circumstances existed justifying Defendants' delay of approximately 2.5 hours before sending an employee to relieve Plaintiff-Issa.

51. On November 15, 2021, at all relevant times while Defendants prevented Plaintiff-Issa from leaving, no exigent circumstances existed requiring Plaintiff-Issa's presence.

52. On November 15, 2021, at all relevant times while Defendants prevented Plaintiff-Issa from leaving, Plaintiff-Issa's presence was not a business necessity, as other employees of Defendant-TDCJ were available to relieve Plaintiff-Issa and fulfill her duties.

53. The other employees who were available to relieve Plaintiff-Issa included officers FNU Rafael, FNU Martinez, and FNU Layna.[1] At the direction of Defendants, these other employees remained in the prison office, away from Plaintiff-Issa, while Plaintiff-Issa pleaded for help from Defendants.

54. On November 15, 2021, at all relevant times while Defendants prevented Plaintiff-Issa from leaving, Defendants never sent Plaintiff-Issa medical help nor did they offer to send Plaintiff-Issa medical help, despite the fact that Defendant-TDCJ employed a staff nurse who was on duty at all times and who could have attended to Plaintiff-Issa.

55. Prior to November 15, 2021, Defendant-TDCJ had permitted other employees to leave their shifts early while those employees were experiencing non-pregnancy-related medical emergencies and non-pregnancy-related medical issues.

56. Based on information and belief, Defendant-TDCJ has offered and sent medical help to other employees while those other employees were experiencing non-pregnancy-related medical emergencies and non-pregnancy-related medical issues.[2]

---

[1] "FNU" stands for first name unknown.

[2] Pleaded consistent with Fed. R. Civ. P. 11(b)(3) because this information is uniquely within control of Defendants. See Johnson v. Johnson, 385 F.3d 503, 531 at n. 19 (5th Cir. 2004).

57.     On March 10, 2022, following several months of leave after the incident giving rise to this complaint, Plaintiff-Issa filed an internal discrimination complaint about the incident with Defendant-TDCJ. Defendant-TDCJ did not interview Plaintiff-Issa or otherwise respond to her internal complaint in any manner.

## CAUSES OF ACTION

### Count 1—Plaintiff-Issa v. Defendant-TDCJ—Title VII (disparate treatment, sex)

58.     Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

59.     Defendant-TDCJ, through the actions of Defendants-Hooper, Thompson, and Hammond, disparately treated Plaintiff-Issa based on her status as a woman affected by pregnancy and a pregnancy-related medical condition.

60.     Defendant-TDCJ prevented Plaintiff-Issa from leaving and minimized Plaintiff-Issa's complaints due to her pregnancy, ignoring the urgency of the situation and ultimately causing the child's death.

61.     Defendant-TDCJ failed to treat a pregnancy emergency as it would have any other medical emergency—by not only preventing Plaintiff-Issa from leaving but also by not sending any medical help.

62.     Plaintiff-Issa sought the accommodation of being able to leave, yet Defendant-TDCJ denied the accommodation, which they would have granted (and had previously granted) to an employee similar in their ability or inability to work who was experiencing a non-pregnancy-related medical emergency.

63.     Through the above-described conduct, Defendant-TDCJ disparately treated Plaintiff-Issa on the basis of sex in violation of Title VII of the Civil Rights Act of 1964 (and its subsequent amendments), 42 U.S.C. §§ 2000e et seq.

<u>Count 2—Plaintiff-Issa v. Defendant-TDCJ—Texas Labor Code (disparate treatment, sex)</u>

64.     Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

65.     Defendant-TDCJ, through the actions of Defendants-Hooper, Thompson, and Hammond, disparately treated Plaintiff-Issa based on her status as a woman affected by pregnancy and a pregnancy-related medical condition.

66.     Defendant-TDCJ prevented Plaintiff-Issa from leaving and minimized Plaintiff-Issa's complaints due to her pregnancy, ignoring the urgency of the situation and ultimately causing the child's death.

67.     Defendant-TDCJ failed to treat a pregnancy emergency as it would have any other medical emergency—by not only preventing Plaintiff-Issa from leaving but also by not sending any medical help.

68.     Plaintiff-Issa sought the accommodation of being able to leave, yet Defendant-TDCJ denied the accommodation, which they would have granted (and had previously granted) to an employee similar in their ability or inability to work who was experiencing a non-pregnancy-related medical emergency.

69.     Through the above-described conduct, Defendant-TDCJ disparately treated Plaintiff-Issa on the basis of sex in violation of Texas Labor Code, Chapter 21.

<u>Count 3—Plaintiff-Issa v. Defendant-TDCJ—Title VII (hostile work environment, sex)</u>

70.     Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

71.     Defendant-TDCJ, through the actions of Defendants-Hooper, Thompson, and Hammond, harassed Plaintiff-Issa by not allowing her to leave her employment post after Plaintiff-Issa informed Defendant-TDCJ that she was experiencing extreme pain consistent with a contraction while approximately seven months pregnant. Defendant-TDCJ further harassed and humiliated Plaintiff-Issa by explicitly accusing her of lying.

72.     The harassment by Defendant-TDCJ was unwelcome. The harassment continued despite repeated pleas by Plaintiff-Issa to leave.

73.     Defendant-TDCJ's harassment was based on Plaintiff-Issa's sex. Defendant-TDCJ prevented Plaintiff-Issa from leaving and minimized Plaintiff-Issa's complaints due to her pregnancy, ignoring the urgency of the situation and ultimately causing the child's death.

74.     Defendant-TDCJ failed to treat a pregnancy emergency as it would have any other medical emergency—by not only preventing Plaintiff-Issa from leaving but also by not sending any medical help.

75.     Defendant-TDCJ's harassment affected a term, condition, or privilege of Plaintiff-Issa's employment, as the harassment was sufficiently severe or pervasive to alter the conditions of Plaintiff-Issa's employment and create an abusive working environment.

76.     Defendant-TDCJ knew or should have known about the harassment in real time, as Plaintiff-Issa directed her complaints of pain and pleas for help through her supervisors, Defendants-Hooper and Thompson, who further informed Defendant-Hammond. Defendant-TDCJ failed to take prompt remedial action on November 15, 2021. Defendant-TDCJ further failed to take any remedial action—even action that was not prompt—by ignoring Plaintiff-Issa's internal complaint filed on March 10, 2022.

77.     Through the above-described conduct, Defendant-TDCJ created a hostile work environment for Plaintiff-Issa, thereby discriminating against Plaintiff-Issa on the basis of sex in violation of Title VII of the Civil Rights Act of 1964 (and its subsequent amendments), 42 U.S.C. §§ 2000e et seq.

        Count 4—Plaintiff-Issa v. Defendant-TDCJ—Texas Labor Code (hostile work environment, sex)

78.     Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

79.     Defendant-TDCJ, through the actions of Defendants-Hooper, Thompson, and Hammond, harassed Plaintiff-Issa by not allowing her to leave her employment post after Plaintiff-Issa informed

Defendant-TDCJ that she was experiencing extreme pain consistent with a contraction while approximately seven months pregnant. Defendant-TDCJ further harassed and humiliated Plaintiff-Issa by explicitly accusing her of lying.

80.    The harassment by Defendant-TDCJ was unwelcome. The harassment continued despite repeated pleas by Plaintiff-Issa to leave.

81.    Defendant-TDCJ's harassment was based on Plaintiff-Issa's sex. Defendant-TDCJ prevented Plaintiff-Issa from leaving and minimized Plaintiff-Issa's complaints due to her pregnancy, ignoring the urgency of the situation and ultimately causing the child's death.

82.    Defendant-TDCJ failed to treat a pregnancy emergency as it would have any other medical emergency—by not only preventing Plaintiff-Issa from leaving but also by not sending any medical help.

83.    Defendant-TDCJ's harassment affected a term, condition, or privilege of Plaintiff-Issa's employment, as the harassment was sufficiently severe or pervasive to alter the conditions of Plaintiff-Issa's employment and create an abusive working environment.

84.    Defendant-TDCJ knew or should have known about the harassment in real time, as Plaintiff-Issa directed her complaints of pain and pleas for help through her supervisors, Defendants-Hooper and Thompson, who further informed Defendant-Hammond. Defendant-TDCJ failed to take prompt remedial action on November 15, 2021. Defendant-TDCJ further failed to take any remedial action—even action that was not prompt—by ignoring Plaintiff-Issa's internal complaint filed on March 10, 2022.

85.    Through the above-described conduct, Defendant-TDCJ created a hostile work environment for Plaintiff-Issa, thereby discriminating against Plaintiff-Issa on the basis of sex in violation of Texas Labor Code, Chapter 21.

Count 5—Plaintiff-Issa v. Defendant-TDCJ—Title VII (disparate impact, sex)

86.     Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

87.     On November 15, 2021, Defendant-TDCJ maintained a policy whereby corrections officers could not leave their post without authorization nor could they leave their post until a replacement was in place

88.     On November 15, 2021, Plaintiff-Issa was a corrections officer who was prohibited from leaving her post until Defendant-TDCJ sent a replacement, which took over two hours despite Plaintiff-Issa's repeated calls for help.

89.     Defendant-TDCJ's policy, despite being facially neutral, disparately impacted Plaintiff-Issa on the basis of sex, resulting in Plaintiff-Issa losing the child that she was expecting with her husband, Plaintiff-Rukengeza.

90.     All or substantially all pregnant women would have been advised by their obstetrician to leave immediately.

91.     Defendant-TDCJ's policy prevented Plaintiff-Issa from leaving.

92.     By maintaining the aforementioned policy that disparately impacted Plaintiff-Issa on the basis of sex, Defendant-TDCJ discriminated against Plaintiff-Issa on the basis of sex in violation of Title VII of the Civil Rights Act of 1964 (and its subsequent amendments), 42 U.S.C. §§ 2000e et seq.

Count 6—Plaintiff-Issa v. Defendant-TDCJ—Texas Labor Code (disparate impact, sex)

93.     Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

94.     On November 15, 2021, Defendant-TDCJ maintained a policy whereby corrections officers could not leave their post without authorization nor could they leave their post until a replacement was in place.

95.     On November 15, 2021, Plaintiff-Issa was a corrections officer who was prohibited from leaving her post until Defendant-TDCJ sent a replacement, which took over two hours despite Plaintiff-Issa's repeated calls for help.

96.     Defendant-TDCJ's policy, despite being facially neutral, disparately impacted Plaintiff-Issa on the basis of sex, resulting in Plaintiff-Issa losing the child that she was expecting with her husband, Plaintiff-Rukengeza.

97.     All or substantially all pregnant women would have been advised by their obstetrician to leave immediately.

98.     Defendant-TDCJ's policy prevented Plaintiff-Issa from leaving.

99.     By maintaining the aforementioned policy that disparately impacted Plaintiff-Issa on the basis of sex, Defendant-TDCJ discriminated against Plaintiff-Issa on the basis of sex in violation of Texas Labor Code, Chapter 21.

### Count 7—Plaintiff-Issa v. Defendant-Hooper—§ 1983 (equal protection)

100.    Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

101.    On November 15, 2021, Defendant-Hooper and Plaintiff-Issa were both engaged in public employment for Defendant-TDCJ.

102.    On November 15, 2021, Defendant-Hooper was acting under color of state law as a supervisor with workplace authority over Plaintiff-Issa.

103.    Through the actions described in counts one through four (1–4), Defendant-Hooper committed sex discrimination against Plaintiff-Issa while she was engaged in public employment, thereby violating the Equal Protection Clause of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

### Count 8—Plaintiff-Issa v. Defendant-Thompson—§ 1983 (equal protection)

104.    Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

105.    On November 15, 2021, Defendant-Thompson and Plaintiff-Issa were both engaged in public employment for Defendant-TDCJ.

106.    On November 15, 2021, Defendant-Thompson was acting under color of state law as a supervisor with workplace authority over Plaintiff-Issa.

107.    Through the actions described in counts one through four (1–4), Defendant-Thompson committed sex discrimination against Plaintiff-Issa while she was engaged in public employment, thereby violating the Equal Protection Clause of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

### Count 9—Plaintiff-Issa v. Defendant-Hammond—§ 1983 (equal protection)

108.    Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

109.    On November 15, 2021, Defendant-Hammond and Plaintiff-Issa were both engaged in public employment for Defendant-TDCJ.

110.    On November 15, 2021, Defendant-Hammond was acting under color of state law as a supervisor with workplace authority over Plaintiff-Issa.

111.    Through the actions described in counts one through four (1–4), Defendant-Hammond committed sex discrimination against Plaintiff-Issa while she was engaged in public employment, thereby violating the Equal Protection Clause of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

### Count 10—Plaintiff-Issa v. Defendant-Hooper—§ 1983 (bodily integrity)

112.    Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

113.    On November 15, 2021, Defendant-Hooper and Plaintiff-Issa were both engaged in public employment for Defendant-TDCJ.

114.    On November 15, 2021, Defendant-Hooper was acting under color of state law as a supervisor with workplace authority over Plaintiff-Issa.

115. Defendant-Hooper prevented Plaintiff-Issa from leaving her post and receiving necessary medical care, which exacerbated Plaintiff-Issa's pain, caused unnecessary complications to Plaintiff-Issa's pregnancy, and contributed to the need for emergency surgery.

116. Such conduct by Defendant-Hooper shocks the conscience.

117. Through the aforementioned actions, Defendant-Hooper subjected Plaintiff-Issa to state-occasioned damage to her bodily integrity, thereby violating the Due Process Clause of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

<u>Count 11—Plaintiff-Issa v. Defendant-Thompson—§ 1983 (bodily integrity)</u>

118. Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

119. On November 15, 2021, Defendant-Thompson and Plaintiff-Issa were both engaged in public employment for Defendant-TDCJ.

120. On November 15, 2021, Defendant-Thompson was acting under color of state law as a supervisor with workplace authority over Plaintiff-Issa.

121. Defendant-Thompson prevented Plaintiff-Issa from leaving her post and receiving necessary medical care, which exacerbated Plaintiff-Issa's pain, caused unnecessary complications to Plaintiff-Issa's pregnancy, and contributed to the need for emergency surgery.

122. Such conduct by Defendant-Thompson shocks the conscience.

123. Through the aforementioned actions, Defendant-Thompson subjected Plaintiff-Issa to state-occasioned damage to her bodily integrity, thereby violating the Due Process Clause of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

<u>Count 12—Plaintiff-Issa v. Defendant-Hammond—§ 1983 (bodily integrity)</u>

124. Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

125. On November 15, 2021, Defendant-Hammond and Plaintiff-Issa were both engaged in public employment for Defendant-TDCJ.

126.     On November 15, 2021, Defendant-Hammond was acting under color of state law as a supervisor with workplace authority over Plaintiff-Issa.

127.     Defendant-Hammond prevented Plaintiff-Issa from leaving her post and receiving necessary medical care, which exacerbated Plaintiff-Issa's pain, caused unnecessary complications to Plaintiff-Issa's pregnancy, and contributed to the need for emergency surgery.

128.     Such conduct by Defendant-Hammond shocks the conscience.

129.     Through the aforementioned actions, Defendant-Hammond subjected Plaintiff-Issa to state-occasioned damage to her bodily integrity, thereby violating the Due Process Clause of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

<u>Count 13—Plaintiff-Issa v. Defendant-Hooper—§ 1983 (right to be a parent)</u>

130.     Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

131.     On November 15, 2021, Defendant-Hooper's actions caused the death of Plaintiff-Issa's child, thereby terminating Plaintiff-Issa's opportunity to be a parent of that child.

132.     Defendant-Hooper denied Plaintiff-Issa the right to have offspring, as well as the right to control the upbringing of that offspring.

133.     Through the aforementioned actions, Defendant-Hooper violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

<u>Count 14—Plaintiff-Issa v. Defendant-Thompson—§ 1983 (right to be a parent)</u>

134.     Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

135.     On November 15, 2021, Defendant-Thompson's actions caused the death of Plaintiff-Issa's child, thereby terminating Plaintiff-Issa's opportunity to be a parent of that child.

136.     Defendant-Thompson denied Plaintiff-Issa the right to have offspring, as well as the right to control the upbringing of that offspring.

137.    Through the aforementioned actions, Defendant-Thompson violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

<u>Count 15—Plaintiff-Issa v. Defendant-Hammond—§ 1983 (right to be a parent)</u>

138.    Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

139.    On November 15, 2021, Defendant-Hammond's actions caused the death of Plaintiff-Issa's child, thereby terminating Plaintiff-Issa's opportunity to be a parent of that child.

140.    Defendant-Hammond denied Plaintiff-Issa the right to have offspring, as well as the right to control the upbringing of that offspring.

141.    Through the aforementioned actions, Defendant-Hammond violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

<u>Count 16—Plaintiff-Issa v. Defendant-Hammond—§ 1983 (supervisory liability)</u>

142.    Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

143.    On November 15, 2021, Defendants-Hooper, Thompson, and Hammond were acting under color of state law as employees for Defendant-TDCJ.

144.    Defendant-Hammond was in a supervisory position over Defendants-Hooper and Thompson.

145.    Defendant-Hammond learned of Plaintiff-Issa's pregnancy emergency through Defendants-Hooper and Thompson while the emergency was ongoing.

146.    Loss of the child was a known or obvious consequence of delaying medical care for Plaintiff-Issa's pregnancy emergency.

147.    Defendant-Hammond engaged in deliberate indifference to Plaintiff-Issa's constitutional rights by permitting Defendants-Hooper and Thompson to violate Plaintiff-Issa's constitutional rights.

148.    Through the aforementioned actions, Defendant-Hammond violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

Count 17—Plaintiff-Rukengeza v. Defendant-Hooper—§ 1983 (right to be a parent)

149.    Plaintiff-Rukengeza hereby incorporates all prior paragraphs of this complaint.

150.    On November 15, 2021, Defendant-Hooper's actions caused the death of Plaintiff-Rukengeza's child, thereby terminating Plaintiff-Rukengeza's opportunity to be a parent of that child.

151.    Defendant-Hooper denied Plaintiff-Rukengeza the right to have offspring, as well as the right to control the upbringing of that offspring.

152.    Through the aforementioned actions, Defendant-Hooper violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

Count 18—Plaintiff-Rukengeza v. Defendant-Thompson—§ 1983 (right to be a parent)

153.    Plaintiff-Rukengeza hereby incorporates all prior paragraphs of this complaint.

154.    On November 15, 2021, Defendant-Thompson's actions caused the death of Plaintiff-Rukengeza's child, thereby terminating Plaintiff-Rukengeza's opportunity to be a parent of that child.

155.    Defendant-Thompson denied Plaintiff-Rukengeza the right to have offspring, as well as the right to control the upbringing of that offspring.

156.    Through the aforementioned actions, Defendant-Thompson violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

Count 19—Plaintiff-Rukengeza v. Defendant-Hammond—§ 1983 (right to be a parent)

157.    Plaintiff-Rukengeza hereby incorporates all prior paragraphs of this complaint.

158. On November 15, 2021, Defendant-Hammond's actions caused the death of Plaintiff-Rukengeza's child, thereby terminating Plaintiff-Rukengeza's opportunity to be a parent of that child.

159. Defendant-Hammond denied Plaintiff-Rukengeza the right to have offspring, as well as the right to control the upbringing of that offspring.

160. Through the aforementioned actions, Defendant-Hammond violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

Count 20—Plaintiff-Issa and Plaintiff-Rukengeza, as next friends of their unborn child

v. Defendant-Hooper—§ 1983 (bodily integrity)

161. Plaintiffs hereby incorporate all prior paragraphs of this complaint.

162. On November 15, 2021, Defendant-Hooper was engaged in public employment for Defendant-TDCJ.

163. On November 15, 2021, Defendant-Hooper was acting under color of state law as a supervisor with workplace authority over the unborn child's mother, Plaintiff-Issa.

164. By preventing Plaintiff-Issa from leaving, Defendant-Hooper subjected the unborn child to a cruel and inhumane death, whereby the child slowly died in the womb.

165. Such conduct by Defendant-Hooper shocks the conscience.

166. Through the aforementioned actions, Defendant-Hooper subjected the unborn child to state-occasioned damage to its bodily integrity, thereby violating the Due Process Clause of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

Count 21—Plaintiff-Issa and Plaintiff-Rukengeza, as next friends of their unborn child

v. Defendant-Thompson—§ 1983 (bodily integrity)

167. Plaintiffs hereby incorporate all prior paragraphs of this complaint.

168.    On November 15, 2021, Defendant-Thompson was engaged in public employment for Defendant-TDCJ.

169.    On November 15, 2021, Defendant-Thompson was acting under color of state law as a supervisor with workplace authority over the unborn child's mother, Plaintiff-Issa.

170.    By preventing Plaintiff-Issa from leaving, Defendant-Thompson subjected the unborn child to a cruel and inhumane death, whereby the child slowly died in the womb.

171.    Such conduct by Defendant-Thompson shocks the conscience.

172.    Through the aforementioned actions, Defendant-Thompson subjected the unborn child to state-occasioned damage to its bodily integrity, thereby violating the Due Process Clause of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

### Count 22—Plaintiff-Issa and Plaintiff-Rukengeza, as next friends of their unborn child v. Defendant-Hammond—§ 1983 (bodily integrity)

173.    Plaintiffs hereby incorporate all prior paragraphs of this complaint.

174.    On November 15, 2021, Defendant-Hammond was engaged in public employment for Defendant-TDCJ.

175.    On November 15, 2021, Defendant-Hammond was acting under color of state law as a supervisor with workplace authority over the unborn child's mother, Plaintiff-Issa.

176.    By preventing Plaintiff-Issa from leaving, Defendant-Hammond subjected the unborn child to a cruel and inhumane death, whereby the child slowly died in the womb.

177.    Such conduct by Defendant-Hammond shocks the conscience.

178.    Through the aforementioned actions, Defendant-Hammond subjected the unborn child to state-occasioned damage to its bodily integrity, thereby violating the Due Process Clause of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

<u>Count 23—Plaintiff-Issa and Plaintiff-Rukengeza, as next friends of their unborn child</u>

<u>v. Defendant-Hooper—§ 1983 (right to life)</u>

179.   Plaintiffs hereby incorporate all prior paragraphs of this complaint.

180.   On November 15, 2021, Defendant-Hooper was engaged in public employment for Defendant-TDCJ.

181.   On November 15, 2021, Defendant-Hooper was acting under color of state law as a supervisor with workplace authority over the unborn child's mother, Plaintiff-Issa.

182.   By preventing Plaintiff-Issa from leaving, Defendant-Hooper subjected the unborn child to a cruel and inhumane death, whereby the child slowly died in the womb.

183.   Such conduct by Defendant-Hooper shocks the conscience.

184.   Through the aforementioned actions, Defendant-Hooper deprived the unborn child of its right to life, thereby violating the Due Process Clause of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

<u>Count 24—Plaintiff-Issa and Plaintiff-Rukengeza, as next friends of their unborn child</u>

<u>v. Defendant-Thompson—§ 1983 (right to life)</u>

185.   Plaintiffs hereby incorporate all prior paragraphs of this complaint.

186.   On November 15, 2021, Defendant-Thompson was engaged in public employment for Defendant-TDCJ.

187.   On November 15, 2021, Defendant-Thompson was acting under color of state law as a supervisor with workplace authority over the unborn child's mother, Plaintiff-Issa.

188.   By preventing Plaintiff-Issa from leaving, Defendant-Thompson subjected the unborn child to a cruel and inhumane death, whereby the child slowly died in the womb.

189.   Such conduct by Defendant-Thompson shocks the conscience.

190.    Through the aforementioned actions, Defendant-Thompson deprived the unborn child of its right to life, thereby violating the Due Process Clause of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

Count 25—Plaintiff-Issa and Plaintiff-Rukengeza, as next friends of their unborn child

v. Defendant-Hammond—§ 1983 (right to life)

191.    Plaintiffs hereby incorporate all prior paragraphs of this complaint.

192.    On November 15, 2021, Defendant-Hammond was engaged in public employment for Defendant-TDCJ.

193.    On November 15, 2021, Defendant-Hammond was acting under color of state law as a supervisor with workplace authority over the unborn child's mother, Plaintiff-Issa.

194.    By preventing Plaintiff-Issa from leaving, Defendant-Hammond subjected the unborn child to a cruel and inhumane death, whereby the child slowly died in the womb.

195.    Such conduct by Defendant-Hammond shocks the conscience.

196.    Through the aforementioned actions, Defendant-Hammond deprived the unborn child of its right to life, thereby violating the Due Process Clause of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

Count 26—Plaintiff-Issa v. Defendant-TDCJ—Texas Labor Code (denial of a reasonable accommodation)

197.    Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

198.    On November 15, 2021, Plaintiff-Issa suffered from a disability.

199.    Plaintiff-Issa's pregnancy emergency constituted her disability, as it impacted the operation of her major bodily functions and it impacted the ability of her to perform major life activities. Plaintiff-Issa's disability impacted her ability to concentrate, think, work, and perform other manual

tasks, and the disability impacted the operation of—and in fact was based upon—her reproductive functions.

200.     Plaintiff-Issa informed Defendant-TDCJ of the disability and Plaintiff-Issa sought the accommodation of being able to leave, which was reasonable.

201.     Defendant-TDCJ denied the accommodation.

202.     Through the above-described conduct, Defendant-TDCJ denied Plaintiff-Issa a reasonable accommodation, thereby discriminating against Plaintiff-Issa on the basis of disability in violation of Texas Labor Code, Chapter 21.

Count 27—Plaintiff-Issa v. Defendant-TDCJ—Texas Labor Code (hostile work environment, disability)

203.     Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

204.     On November 15, 2021, Plaintiff-Issa suffered from a disability.

205.     Plaintiff-Issa's pregnancy emergency constituted her disability, as it impacted the operation of her major bodily functions and it impacted the ability of her to perform major life activities. Plaintiff-Issa's disability impacted her ability to concentrate, think, work, and perform other manual tasks, and the disability impacted the operation of—and in fact was based upon—her reproductive functions.

206.     Plaintiff-Issa informed Defendant-TDCJ of the disability.

207.     Defendant-TDCJ, through the actions of Defendants-Hooper, Thompson, and Hammond, harassed Plaintiff-Issa by not allowing her to leave her employment post after Plaintiff-Issa informed Defendant-TDCJ that she was experiencing extreme pain consistent with a contraction while approximately seven months pregnant. Defendant-TDCJ further harassed and humiliated Plaintiff-Issa by explicitly accusing her of lying.

208. The harassment by Defendant-TDCJ was unwelcome. The harassment continued despite repeated pleas by Plaintiff-Issa to leave.

209. Defendant-TDCJ's harassment was based on Plaintiff-Issa's disability. Defendant-TDCJ prevented Plaintiff-Issa from leaving and minimized Plaintiff-Issa's complaints due to her pregnancy emergency, ignoring the urgency of the situation and ultimately causing the child's death.

210. Defendant-TDCJ failed to treat a pregnancy emergency as it would have any other medical emergency—by not only preventing Plaintiff-Issa from leaving but also by not sending any medical help.

211. Defendant-TDCJ's harassment affected a term, condition, or privilege of Plaintiff-Issa's employment, as the harassment was sufficiently severe or pervasive to alter the conditions of Plaintiff-Issa's employment and create an abusive working environment.

212. Defendant-TDCJ knew or should have known about the harassment in real time, as Plaintiff-Issa directed her complaints of pain and pleas for help through her supervisors, Defendants-Hooper and Thompson, who further informed Defendant-Hammond. Defendant-TDCJ failed to take prompt remedial action on November 15, 2021. Defendant-TDCJ further failed to take any remedial action—even action that was not prompt—by ignoring Plaintiff-Issa's internal complaint filed on March 10, 2022.

213. Through the above-described conduct, Defendant-TDCJ created a hostile work environment for Plaintiff-Issa, thereby discriminating against Plaintiff-Issa on the basis of disability in violation of Texas Labor Code, Chapter 21.

Count 28—Plaintiff-Issa v. Defendant-TDCJ—Texas Labor Code (disparate impact, disability)

214. Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

215. On November 15, 2021, Plaintiff-Issa suffered from a disability.

216. Plaintiff-Issa's pregnancy emergency constituted her disability, as it impacted the operation of her major bodily functions and it impacted the ability of her to perform major life activities. Plaintiff-Issa's disability impacted her ability to concentrate, think, work, and perform other manual tasks, and the disability impacted the operation of—and in fact was based upon—her reproductive functions.

217. On November 15, 2021, Defendant-TDCJ maintained a policy whereby corrections officers could not leave their post without authorization nor could they leave their post until a replacement was in place.

218. On November 15, 2021, Plaintiff-Issa was a corrections officer who was prohibited from leaving her post until Defendant-TDCJ sent a replacement, which took over two hours despite Plaintiff-Issa's repeated calls for help.

219. Defendant-TDCJ's policy, despite being facially neutral, disparately impacted Plaintiff-Issa on the basis of disability, resulting in Plaintiff-Issa losing the child that she was expecting with her husband, Plaintiff-Rukengeza.

220. All or substantially all women experiencing a pregnancy emergency would have been advised by their obstetrician to leave.

221. Defendant-TDCJ's policy prevented Plaintiff-Issa from leaving.

222. By maintaining the aforementioned policy that disparately impacted Plaintiff-Issa on the basis of disability, Defendant-TDCJ discriminated against Plaintiff-Issa on the basis of disability in violation of Texas Labor Code, Chapter 21.

Count 29—Plaintiff-Issa v. Defendant-TDCJ—Rehabilitation Act (denial of a reasonable accommodation)

223. Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

224. On November 15, 2021, Plaintiff-Issa suffered from a disability.

225. Plaintiff-Issa's pregnancy emergency constituted her disability, as it impacted the operation of her major bodily functions and it impacted the ability of her to perform major life activities. Plaintiff-Issa's disability impacted her ability to concentrate, think, work, and perform other manual tasks, and the disability impacted the operation of—and in fact was based upon—her reproductive functions.

226. Plaintiff-Issa informed Defendant-TDCJ of the disability and Plaintiff-Issa sought the accommodation of being able to leave, which was reasonable.

227. Defendant-TDCJ denied the accommodation.

228. Defendant-TDCJ's conduct caused the death of the unborn child.

229. Due to Defendant-TDCJ's conduct, Plaintiff Issa suffered actual pecuniary harm, including but not limited to the funeral expenses of the unborn child.

230. At all relevant times, Defendant-TDCJ was a recipient of federal funding, as evidenced by its published agency operating budget.

231. Through the above-described conduct, Defendant-TDCJ discriminated against Plaintiff-Issa solely by reason of her disability, specifically by denying Plaintiff-Issa a reasonable accommodation, in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 et seq, and specifically 29 U.S.C. § 794(a).

Count 30—Plaintiff-Issa v. Defendant-TDCJ—Rehabilitation Act (hostile work environment)

232. Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

233. On November 15, 2021, Plaintiff-Issa suffered from a disability.

234. Plaintiff-Issa's pregnancy emergency constituted her disability, as it impacted the operation of her major bodily functions and it impacted the ability of her to perform major life activities. Plaintiff-Issa's disability impacted her ability to concentrate, think, work, and perform other manual

tasks, and the disability impacted the operation of—and in fact was based upon—her reproductive functions.

235.    Plaintiff-Issa informed Defendant-TDCJ of the disability.

236.    Defendant-TDCJ, through the actions of Defendants-Hooper, Thompson, and Hammond, harassed Plaintiff-Issa by not allowing her to leave her employment post after Plaintiff-Issa informed Defendant-TDCJ that she was experiencing extreme pain consistent with a contraction while approximately seven months pregnant. Defendant-TDCJ further harassed and humiliated Plaintiff-Issa by explicitly accusing her of lying.

237.    The harassment by Defendant-TDCJ was unwelcome. The harassment continued despite repeated pleas by Plaintiff-Issa to leave.

238.    Defendant-TDCJ's harassment was based solely on Plaintiff-Issa's disability. Defendant-TDCJ minimized Plaintiff-Issa's complaints due to her pregnancy emergency, ignoring the urgency of the situation and ultimately causing the child's death. Defendant-TDCJ failed to treat a pregnancy emergency as it would have any other medical emergency.

239.    Defendant-TDCJ's harassment affected a term, condition, or privilege of Plaintiff-Issa's employment, as the harassment was sufficiently severe or pervasive to alter the conditions of Plaintiff-Issa's employment and create an abusive working environment.

240.    Defendant-TDCJ knew or should have known about the harassment in real time, as Plaintiff-Issa directed her complaints of pain and pleas for help through her supervisors, Defendants-Hooper and Thompson, who further informed Defendant-Hammond. Defendant-TDCJ failed to take prompt remedial action on November 15, 2021. Defendant-TDCJ further failed to take any remedial action—even action that was not prompt—by ignoring Plaintiff-Issa's internal complaint filed on March 10, 2022.

241.    Defendant-TDCJ's conduct caused the death of the unborn child.

242.     Due to Defendant-TDCJ's conduct, Plaintiff Issa suffered actual pecuniary harm, including but not limited to the funeral expenses of the unborn child.

243.     At all relevant times, Defendant-TDCJ was a recipient of federal funding, as evidenced by its published agency operating budget.

244.     Through the above-described conduct, Defendant-TDCJ discriminated against Plaintiff-Issa solely by reason of her disability, specifically by subjecting Plaintiff-Issa to a hostile work environment, in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 et seq, and specifically 29 U.S.C. § 794(a).

### Count 31—Plaintiff-Issa v. Defendant-TDCJ—Family and Medical Leave Act (family-care provision)

245.     Plaintiff-Issa hereby incorporates all prior paragraphs of this complaint.

246.     On November 15, 2021, Plaintiff-Issa was an employee of Defendant–TDCJ.

247.     On November 15, 2021, Plaintiff-Issa was eligible to take leave pursuant to the Family and Medical Leave Act.

248.     On November 15, 2021, Defendant-TDCJ was an employer subject to the requirements of the Family and Medical Leave Act.

249.     On November 15, 2021, Plaintiff-Issa sought to take leave from her place of employment.

250.     Plaintiff-Issa sought to leave in order to care for her unborn child, who at all relevant times was a son or daughter under the age of 18.

251.     Defendant-TDCJ denied Plaintiff-Issa's request for leave to care for her unborn child.

252.     But for Defendant-TDCJ's conduct, Plaintiff-Issa would have been able to care for her unborn child.

253.     At all relevant times, Plaintiff-Issa's unborn child was suffering from a serious health condition requiring inpatient care at a hospital and continuing treatment by a healthcare provider,

including but not limited to, lack of oxygen and difficulty breathing during the labor and delivery process.

254. Defendant-TDCJ's conduct caused the death of the unborn child.

255. Due to Defendant-TDCJ's conduct, Plaintiff Issa suffered actual pecuniary harm, including but not limited to the funeral expenses of the unborn child.

256. Through the above-described conduct, Defendant-TDCJ acted in violation of the family-care provision of the Family and Medical Leave Act, 29 U.S.C. § 2612(a)(1)(C).

## DAMAGES

257. As a result of Defendants' actions, Plaintiffs suffered the following compensatory damages:

a. Medical expenses in the past and in the future;

b. Lost earnings;

c. Loss of earning capacity in the past and in the future;

d. Physical pain and suffering in the past and in the future;

e. Mental and emotional pain and anguish in the past and in the future;

f. Loss of consortium in the past and in the future;

g. Disfigurement in the past and in the future;

h. Physical impairment in the past and in the future;

i. Loss of companionship and society in the past and in the future;

j. Inconvenience in the past and in the future;

k. Loss of enjoyment of life in the past and in the future;

l. Injury to reputation in the past and in the future; and

m. Other pecuniary expenses, including but not limited to the funeral expenses of the unborn child.

258. The assessment of exemplary (punitive) damages against Defendants-Hooper, Thompson and Hammond is warranted because their actions were undertaken with reckless or callous indifference to Plaintiffs' federally protected rights.

259. Liquidated damages against Defendant-TDCJ are warranted consistent with 29 U.S.C. § 2617(a)(1)(A)(iii).

## ATTORNEY FEES & COSTS

260. Plaintiffs are entitled to and request an award of attorney fees and litigation costs (including expert fees) pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 2000e-5(k), Texas Labor Code § 21.259, 29 U.S.C. § 794a(b), and 29 U.S.C. § 2617(a)(3).

## JURY DEMAND

261. Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby demand a jury trial.

## PRAYER FOR RELIEF

262. For these reasons, Plaintiffs request a judgment against Defendants for the following:

a. Compensatory damages against Defendants, jointly and severally;

b. Exemplary (punitive) damages against Defendants-Hooper, Thompson, and Hammond;

c. Liquidated damages against Defendant-TDCJ;

d. Attorney fees and litigation costs (including expert fees);

e. Prejudgment and postjudgment interest at the highest allowable rates;

f. Court costs, including the cost of filing suit; and

g. All other relief which may be just and proper under the circumstances.

Respectfully submitted,

/s/ Ross A. Brennan
Bar No. 29842-64
Cronauer Law, LLP
7500 Rialto Blvd, Bldg 1, Ste 250
Austin, TX 78735
ross@cronauerlaw.com
512-733-5151 (phone)
815-895-4070 (fax)