IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Salia Issa,<br>Fiston Rukengeza, and<br>Salia Issa and Fiston Rukengeza as<br>next friends of their unborn child,<br><br>    Plaintiffs,<br><br>v.<br><br>Texas Department of Criminal Justice,<br>Lt. Brandy Hooper, individually,<br>Lt. Desmond Thompson, individually, and<br>Assist. Warden Alonzo Hammond, individually,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO: 1:22-cv-1107-LY<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **PLAINTIFFS' SURREPLY IN RESPONSE TO DEFENDANTS' REPLIES**

Through counsel, Cronauer Law, LLP, Plaintiffs hereby file a surreply in response to Defendants' replies (Doc. #28 and #29). In support thereof, Plaintiffs state as follows.

1. In their replies, Defendants argue Plaintiffs pivoted their theory on Count 1 after Defendants filed their pending motions to dismiss. Specifically, Defendant-TDCJ argues:

> But while Plaintiffs' Response still uses the label "disparate treatment, sex," it briefs the claim as though it were "disparate treatment, pregnancy." *See* Dkt. #24 at 8. The distinction changes the elements of the claim. Is the alleged disparate treatment between Issa and "similarly-situated men experiencing the same adverse employment action"? Or is alleged disparate treatment between Issa and "similarly-situated non-pregnant employees seeking the same accommodation"?
>     Assuming Plaintiffs' response pivot from sex to pregnancy is permitted, the Court should still dismiss the pregnancy-based disparate treatment claim for reasons raised in TDCJ's motion to dismiss. …

Doc. #28, pp. 3-4 (footnotes omitted). *See also* Doc. #29, p. 3.

1

2. Thus, Defendants essentially are arguing that Plaintiff-Issa should have brought a claim alleging Title VII discrimination for "pregnancy" discrimination instead of "sex" discrimination.

3. Pregnancy is not a protected category listed in Title VII. *See* 42 U.S.C. § 2000e-2(a)(1). Instead, Title VII makes clear that pregnancy falls under the umbrella of sex. 42 U.S.C. § 2000e(k). Thus, there is no such thing as a claim alleging "disparate treatment, pregnancy" under Title VII. Such claims are sex discrimination claims.

4. A claim for disparate treatment based on sex which relies on pregnancy is governed by *Young v. United Parcel Service, Inc.*, 135 S. Ct. 1338 (2015), as Plaintiffs already briefed. Plaintiffs theory on Count 1 has not changed whatsoever through the pleadings. Indeed, Count 1 has stayed essentially the same and, as Plaintiffs have argued, it correctly pleads a claim as recognized by *Young v. United Parcel Service, Inc. Compare* Doc. #4, ¶¶ 45-49 *with* Doc. #18, ¶¶ 58-63.

5. If Defendants were uncertain as to why Plaintiff-Issa alleged Count 1 the way she did, they were free to ask Plaintiffs' counsel. Further, they could have moved for a more definite statement. *See* Fed. R. Civ. P. 12(e). Instead, they jumped to a dispositive motion and briefed a claim that was not alleged. Plaintiffs' theory on Count 1 has not pivoted. Count 1 has been and remains adequately alleged.

WHEREFORE, for the reasons briefed presently and previously, Plaintiffs request that Defendants' pending motions to dismiss be denied.

Respectfully submitted,

/s/ Ross A. Brennan
Bar No. 29842-64
Cronauer Law, LLP
668 Main St, Unit D
Buda, TX 78610
ross@cronauerlaw.com
512-733-5151 (phone)
815-895-4070 (fax)