IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Salia Issa, ) | |
| Fiston Rukengeza, and ) | |
| Salia Issa and Fiston Rukengeza as ) | |
| next friends of their unborn child, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO: 1:22-cv-01107-ADA |
| ) | |
| Texas Department of Criminal Justice, ) | |
| Lt. Brandy Hooper, individually, ) | |
| Lt. Desmond Thompson, individually, and ) | |
| Assist. Warden Alonzo Hammond, individually, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pursuant to Fed. R. Civ. P. 72(b)(2), Plaintiffs, through counsel, hereby submit their objections to the Magistrate Judge's Report and Recommendation. *See* Doc. #36. Plaintiffs respectfully object to the Report and Recommendation, as detailed below.

### AUTHORITIES

1. "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).

2. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

## OBJECTIONS

Chapter 21, Texas Labor Code Claims (Counts 2, 4, 6, 26, 27, and 28)

3. In seeking dismissal, Defendant-TDCJ invoked sovereign immunity for the Chapter 21 claims. *See* Doc. #20, p. 3.

4. The Report and Recommendation reasoned that sovereign immunity barred the Chapter 21 claims, stating that "Because Chapter 21 does not contain "a clear and unequivocal waiver" of sovereign immunity in federal court, Plaintiffs' claims under Chapter 21 against the TDCJ are barred in this court. The Court therefore recommends that Plaintiffs' Texas Labor Code claims be dismissed for lack of jurisdiction." *See* Doc. #36, pp. 7-8 (citations omitted).

5. Plaintiff-Issa objects to the Report and Recommendation with regard to the Chapter 21 claims. Plaintiff-Issa hereby incorporates her arguments in Doc. #24, ¶ ¶ 11-18. Plaintiff-Issa further (and more specifically) objects to the Report and Recommendation because it did not address Texas Labor Code § 21.009(a). The Texas legislature was explicit that any time the statute is challenged as unconstitutional or unenforceable, the Texas Workforce Commission must be joined as a party. However, Defendant-TDCJ has taken no such action to join the Texas Workforce Commission.

Hostile Work Environment, Sex (Count 3)

6. In seeking dismissal, Defendant-TDCJ argued that Plaintiff-Issa did not allege sufficient facts to plausibly state elements two, three, and four of a sex-based hostile work environment claim. *See* Doc. #20, p. 8.

7. The Report and Recommendation found that Plaintiff-Issa's allegations did not rise to the level of actionable harassment. *See* Doc. #36, p. 15. The Report and Recommendation further reasoned that the operative complaint "point[ed] to no discriminatory intimidation, ridicule, and

insult severe or pervasive enough to alter the conditions of Issa's employment and create an abusive working environment." *See* Doc. #36, p. 16.

8. Plaintiffs object to the Report and Recommendation with regard to the sex-based hostile work environment claim.[1] Plaintiff-Issa hereby incorporates her arguments in Doc. #24, ¶ ¶ 35-39.

Hostile Work Environment, Rehabilitation Act (Count 30)

9. In seeking dismissal, Defendant-TDCJ argued that Plaintiff-Issa did not have a disability and that, even if she did, she did not adequately plead the remaining elements of a Rehabilitation Act hostile work environment claim. *See* Doc. #20, p. 20.

10. The Report and Recommendation found that Plaintiff-Issa had a disability for purposes of the Rehabilitation Act. *See* Doc. #36, p. 20. However, the Report and Recommendation then reasoned that Plaintiff-Issa's "hostile work environment claim under the Rehabilitation Act fails for the same reasons as their Title VII hostile work environment claim: The allegations do not rise to the level of severe and pervasive actionable harassment." *See* Doc. #36, p. 24.

11. Plaintiff-Issa does not object to the Report and Recommendation's finding that Plaintiff-Issa had a disability for purposes of the Rehabilitation Act. However, Plaintiff-Issa objects to the Report and Recommendation's remaining analysis regarding the Rehabilitation Act hostile work environment claim.  Plaintiff-Issa hereby incorporates her arguments in Doc. #24, ¶ ¶ 61-66.

Bodily Integrity (Counts 10-12 and 20-22)

12. In seeking dismissal, the Individual Defendants argued that Plaintiffs did not plead sufficient facts to show a culpable mental state. *See* Doc. #21, pp. 11-12.[2]

---

[1] This should also be considered an objection to the Report and Recommendation to the extent it recommends dismissal of Plaintiff-Issa's § 1983 claims based on hostile work environment sex discrimination. *See* Doc. #36, p. 16, FN 15.

[2] For the unborn child's bodily integrity claims, the Individual Defendants also rely on the fact that *Roe v. Wade* had not yet been overruled at the time of the incident giving rise to the lawsuit. *See*  Doc. # 21, p. 13. In this regard, the Individual Defendants' arguments about the unborn child's bodily integrity claims overlap significantly with their arguments pertaining to the unborn child's right to life claims. *See* Doc. #25, p. 15, FN10.

13. The Report and Recommendation seemingly adopted the Individual Defendants' argument by finding that "Plaintiffs' allegations do not rise to the level of "shocking the conscience" because they do not allege that the Individual Defendants made "*deliberate* decisions" to deprive Issa or her fetus of life, liberty, or property." *See* Doc. #36, p. 35 (quotations and emphasis in original). The Report and Recommendation further reasoned that, "[e]ven if Plaintiffs' allegations show that the Individual Defendants were negligent in failing to permit Issa to leave work to seek medical help, they do not show any intent as to bodily integrity rights." *See* Doc. #36, p. 36.

14. Plaintiffs object to the Report and Recommendation with regard to the bodily integrity claims. The Report and Recommendation conflates deliberate decisions with intent to injure. Those standards are not synonymous. For a substantive due process claim, including a bodily integrity claim, the standard is conduct that shocks the conscience. An intent to injure is not necessary.[3] On this issue, Plaintiffs hereby incorporate their arguments found at Doc. #25, ¶¶ 17 and 34-38.

15. Plaintiffs agree that deliberate decisions must be involved, and Plaintiffs have adequately pleaded such decisions. The Individual Defendants did not accidentally keep Plaintiff-Issa at work against her will; they affirmatively stopped her from leaving despite her repeated requests. *See, e.g.,* Doc. #18, ¶¶ 32-34 and 37-39. The Individual Defendants actively enforced Defendant-TDCJ's policy, which threatened Plaintiff-Issa with termination if she left. *See* Doc. #18, ¶¶ 26-29. And Defendant-Thompson even went so far as to accuse Plaintiff-Issa of fabricating her symptoms. *See* Doc. #18, ¶ 40. This was not mere negligence or oversight, but was instead a series of deliberate decisions that (as explicitly pleaded) shock the conscience.

---

[3] Indeed, the Report and Recommendation cites two cases that did <u>not</u> involve an intent to injure. *See* Doc. #36, p. 35, FN 23. *Rochin v. California*, 342 U.S. 165 (1952), involved an intent to obtain evidence in a conscience-shocking manner, specifically, an involuntary stomach pumping. *Jefferson v. Ysleta Independent School District*, 817 F.2d 303 (5th Cir. 1987), involved an involuntary school instructional technique which was explicitly *not* used for punishment.

Right to be a Parent (Counts 13-15 and 17-19)

16. In seeking dismissal, the Individual Defendants argued that Plaintiffs did not plead sufficient facts to show a culpable mental state, and they further argued that the right to be a parent was not clearly established (despite it having been recognized by the Supreme Court for 100 years). *Compare* Doc. #21, p. 15, *with* Doc. #25, ¶¶ 46-47.

17. The Report and Recommendation focused on the culpable mental state, reasoning that "Plaintiffs do not allege sufficient facts to show that the Individual Defendants intended for Issa to lose her baby. Because Plaintiffs' allegations merely show that the Individual Defendants negligently caused the injuries, they do not state a constitutional violation." *See* Doc. #36, p. 37.

18. Plaintiffs object to the Report and Recommendation with regard to the right to be a parent claims for the same reasons as detailed above. *See supra*, ¶¶ 14-15. Intent to injure is not the standard; shocks the conscience is the standard.

Right to Life (Counts 23, 24, and 25)

19. In seeking dismissal, the Individual Defendants relied on *Roe v. Wade* in an attempt to shield themselves from liability, despite the Texas Attorney General's public pronouncement that *Roe* was wrongly decided at the time it was overruled by *Dobbs*, and despite numerous laws in Texas purporting to protect the rights of unborn children. *Compare* Doc. #21, p. 20, *with* Doc. #25, ¶¶ 49-55.

20. The Report and Recommendation did not address the *Roe* and *Dobbs* issue, but again focused on an intent to injure. *See* #Doc. 36, p. 38. The Report and Recommendation reasoned that "Plaintiffs do not allege sufficient facts to show that the Individual Defendants intended the death of Issa's unborn child; rather, Plaintiffs' allegations merely show that the Individual Defendants negligently caused the injuries." *Id.*

5

21. Plaintiffs object to the Report and Recommendation with regard to the right to life claims for the same reasons as detailed above. *See supra*, ¶¶ 14-15. Intent to injure is not the standard; shocks the conscience is the standard.

WHEREFORE, Plaintiffs respectfully object to the Report and Recommendation, as detailed above.

Respectfully submitted,

/s/ Ross A. Brennan
Bar No. 29842-64
Cronauer Law, LLP
668 Main St, Unit D
Buda, TX 78610
ross@cronauerlaw.com
512-733-5151 (phone)
815-895-4070 (fax)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that they filed this document through the Court's electronic filing system, which automatically serves a copy on counsel for all parties. Such electronic filing was accomplished on August 14, 2023.

Respectfully submitted,

/s/ Ross A. Brennan
Bar No. 29842-64
Cronauer Law, LLP
668 Main St, Unit D
Buda, TX 78610
ross@cronauerlaw.com
512-733-5151 (phone)
815-895-4070 (fax)