IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SALIA ISSA, FISTON RUKENGEZA, *et al.* § | | |
| *Plaintiffs*, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 1:22-cv-1107 |
| § | | |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, § | | |
| *et al.* § | | |
| *Defendants*. § | | |

### DEFENDANTS' ORIGINAL ANSWER AND DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT (DKT. #18)

TO THE HONORABLE DISTRICT COURT JUDGE:

NOW COME Defendants Texas Department of Criminal Justice ("TDCJ"), Brandy Hooper ("Hooper"), Desmond Thompson ("Thompson"), and Alonzo Hammond ("Hammond") (collectively, "Defendants") who file this Original Answer and Defenses to Plaintiffs' Second Amended Complaint (Dkt. #18).

### I.    DEFENDANTS' ORIGINAL ANSWER

Under Federal Rule of Civil Procedure 8(b), Defendants generally deny all allegations contained in Plaintiffs' Second Amended Complaint (Dkt. #18), except those specifically admitted herein. The headings and titles below correlate to the sections of Plaintiffs' Second Amended Complaint. They are reproduced in this Answer for organizational purposes only, and Defendants do not admit any matter contained therein. All paragraph numbers refer to the numbered paragraphs contained in Plaintiffs' Second Amended Complaint starting with paragraph 1 on page 4 and continuing to paragraph 262 on page 31.

Defendants deny that they refused to allow Salia Issa ("Issa") to leave her place of employment on November 15, 2021. Defendants admit that Issa was pregnant at that time but lack knowledge or information sufficient to form a belief about how far along she was in her pregnancy or whether she experienced a pregnancy emergency. Defendants deny that Issa informed them that she was experiencing a pregnancy emergency at the time. Defendants deny that Issa was not allowed to leave for over two hours. Defendants lack knowledge or information sufficient to form a belief about what Issa did after leaving or what happened shortly thereafter. Defendants deny that their actions caused the death of the unborn child and deny that they are liable to Plaintiffs under any of the causes of action raised.

## PARTIES

For paragraphs 1–6, Defendants admit the allegations.

For paragraphs 7–8, Defendants are without knowledge or information sufficient to form a belief about the allegations.

## JURISDICTION

For paragraphs 9–10, Defendants admit that the Court has original jurisdiction over the federal claims and supplemental jurisdiction over the state claims. Defendants deny that the Court has subject-matter jurisdiction over any claims that are barred by sovereign immunity, including the Texas Labor Code claims that the Court dismissed in its Order Adopting Magistrate Judge's Report and Recommendation dated August 18, 2023. *See* Dkt. #39 at 2 ("The Court hereby DISMISSES Plaintiffs' Texas Labor Code claims against TDCJ for lack of jurisdiction under Rule 12(b)(1) without prejudice[.]").

## VENUE

For paragraphs 11–12, Defendants admit that venue is proper but deny that an unlawful employment practice genuinely occurred.

## CONDITIONS PRECEDENT

For paragraph 13, Defendants are without knowledge or information sufficient to form a belief about the allegations.

## FACTS

For paragraphs 14–16, Defendants admit the allegations.

For paragraphs 17–19, Defendants are without knowledge or information sufficient to form a belief about the allegations.

For paragraph 20, Defendants TDCJ and Hooper admit that Issa called Hooper, a superior officer; Defendants Thompson and Hammond are without knowledge or information sufficient to form a belief about the allegations.

For paragraph 21, Defendants admit the allegations.

For paragraph 22, Defendants TDCJ and Hooper admit that Issa told Hooper that she (Issa) was not feeling well but deny that Hooper told Issa that she was experiencing pain similar to a contraction. Defendants Thompson and Hammond are without knowledge or information sufficient to form a belief about the allegations.

For paragraph 23, Defendants TDCJ and Hooper deny the allegations. Defendants Thompson and Hammond are without knowledge or information sufficient to form a belief about the allegations.

For paragraph 24, Defendants TDCJ and Hooper admit that Hooper informed Issa that she would have her relieved. Defendants Thompson and Hammond are without knowledge or information sufficient to form a belief about the allegations.

For paragraph 25, Defendants admit that Hoopers did not send anyone to replace Issa immediately after the call ended; Defendants deny that Issa never received a replacement.

For paragraph 26, Defendants admit the allegations.

For paragraph 27, Defendants admit the allegations.

For paragraph 28, Defendants admit that dismissal is within the range of disciplinary actions available if TDCJ chose to initiate a disciplinary action against Issa and if she were found guilty in the resulting proceeding.

For paragraph 29, Defendants admit the allegations.

For paragraph 30, Defendants TDCJ and Thompson admit that Thompson called Issa after her call with Hooper but are without information sufficient to form a belief about the amount of time that transpired between Issa's call with Hooper and Issa's call with Thompson. Defendants Hooper and Hammond are without knowledge or information sufficient to form a belief about the allegations.

For paragraph 31, Defendants admit the allegations.

For paragraphs 32–35, Defendants TDCJ and Thompson deny the allegations. Defendants Hooper and Hammond are without knowledge or information sufficient to form a belief about the allegations.

For paragraph 36, Defendants admit the allegations.

For paragraphs 37–40, Defendants TDCJ and Thompson deny the allegations. Defendants Hooper and Hammond are without knowledge or information sufficient to form a belief about the allegations.

For paragraph 42, Defendants TDCJ, Thompson, and Hooper admit that TDCJ sent an officer to relieve Issa but are unsure of how broad a timespan is encompassed by "approximately 11:00pm" and therefore deny the same. Defendant Hammond is without knowledge or information sufficient to form a belief about the allegations.

For paragraphs 43–48, Defendants are without knowledge or information sufficient to form a belief about the allegations.

For paragraph 49, Defendants TDCJ, Thompson, and Hooper deny the allegations. Defendant Hammond is without knowledge or information sufficient to form a belief about the allegations.

For paragraphs 50–54, Defendants TDCJ, Thompson, and Hooper deny the allegations. Defendant Hammond is without knowledge or information sufficient to form a belief about the allegations.

For paragraph 55–56, Defendants are without knowledge or information sufficient to form a belief about the allegations.

For paragraph 57, Defendant TDCJ admits that on March 10, 2022, a letter was forwarded to TDCJ's Employee Relations Intake entitled Notice of Representation and Complaint of Discrimination-Salia Issa. TDCJ admits that, due to receipt of an external charge of discrimination that Issa has already filed with the Texas Workforce Commission, Civil Rights Division, several months earlier, it did not interview Issa nor respond to the March 10, 2022 letter. Defendants

Thompson, Hooper, and Hammond are without knowledge or information sufficient to form a belief about the allegations.

## CAUSES OF ACTION

Count 1—Plaintiff-Issa v. Defendant-TDCJ—Title VII (disparate treatment, sex)

For paragraph 58, which simply incorporates all prior paragraphs, Defendants refer to their specific answers to those proceeding paragraphs.

For paragraphs 59–63, Defendants deny the allegations.

Count 2—Plaintiff-Issa v. Defendant-TDCJ—Texas Labor Code (disparate treatment, sex)

The Court dismissed Count 2 in its Order Adopting Magistrate Judge's Report and Recommendation dated August 18, 2023. Dkt. #39 at 2.

Count 3—Plaintiff-Issa v. Defendant-TDCJ—Title VII (hostile work environment, sex)

The Court dismissed Count 3 in its Order Adopting Magistrate Judge's Report and Recommendation dated August 18, 2023. Dkt. #39 at 2.

Count 4—Plaintiff-Issa v. Defendant-TDCJ—Texas Labor Code (hostile work environment, sex)

The Court dismissed Count 4 in its Order Adopting Magistrate Judge's Report and Recommendation dated August 18, 2023. Dkt. #39 at 2.

Count 5—Plaintiff-Issa v. Defendant-TDCJ—Title VII (disparate impact, sex)

For paragraph 86, which simply incorporates all prior paragraphs, Defendants refer to their specific answers to those preceding paragraphs.

For paragraph 87, Defendants admit the allegations.

For paragraphs 88–92, Defendants deny the allegations.

Count 6—Plaintiff-Issa v. Defendant-TDCJ—Texas Labor Code (disparate impact, sex)

The Court dismissed Count 6 in its Order Adopting Magistrate Judge's Report and Recommendation dated August 18, 2023. Dkt. #39 at 2.

### Count 7—Plaintiff-Issa v. Defendant-Hooper—§ 1983 (equal protection)

To the extent Issa raised the claim based on a hostile work environment theory, the Court dismissed Count 7 in its Order Adopting Magistrate Judge's Report and Recommendation dated August 18, 2023. Dkt. #39 at 2–3. For paragraph 100, which simply incorporates all prior paragraphs, Defendants refer to their specific answers to those preceding paragraphs. For paragraphs 101–03, Defendants admit the Hooper and Issa were both TDCJ employees on November 15, 2021, and that Hooper was Issa's superior officer who acted under color of state law but deny the remaining allegations.

### Count 8—Plaintiff-Issa v. Defendant-Thompson—§ 1983 (equal protection)

To the extent Issa raised the claim based on a hostile work environment theory, the Court dismissed Count 8 in its Order Adopting Magistrate Judge's Report and Recommendation dated August 18, 2023. Dkt. #39 at 2–3. For paragraph 104, which simply incorporates all prior paragraphs, Defendants refer to their specific answers to those preceding paragraphs. For paragraphs 105–07, Defendants admit the Thompson and Issa were both TDCJ employees on November 15, 2021, and that Thompson was Issa's superior officer who acted under color of state law but deny the remaining allegations.

### Count 9—Plaintiff-Issa v. Defendant-Hammond—§ 1983 (equal protection)

To the extent Issa raised the claim based on a hostile work environment theory, the Court dismissed Count 9 in its Order Adopting Magistrate Judge's Report and Recommendation dated August 18, 2023. Dkt. #39 at 2–3. For paragraph 108, which simply incorporates all prior paragraphs, Defendants refer to their specific answers to those preceding paragraphs. For

paragraphs 109–11, Defendants admit Hammond and Issa were both TDCJ employees on the date November 15, 2021, but deny that Hammond worked that particular day, and further deny the remining allegations.

Count 10—Plaintiff-Issa v. Defendant-Hooper—§ 1983 (bodily integrity)

The Court dismissed Count 10 in its Order Adopting Magistrate Judge's Report and Recommendation dated August 18, 2023. Dkt. #39 at 2.

Count 11—Plaintiff-Issa v. Defendant-Thompson—§ 1983 (bodily integrity)

The Court dismissed Count 11 in its Order Adopting Magistrate Judge's Report and Recommendation dated August 18, 2023. Dkt. #39 at 2.

Count 12—Plaintiff-Issa v. Defendant-Hammond—§ 1983 (bodily integrity)

The Court dismissed Count 12 in its Order Adopting Magistrate Judge's Report and Recommendation dated August 18, 2023. Dkt. #39 at 2.

Count 13—Plaintiff-Issa v. Defendant-Hooper—§ 1983 (right to be a parent)

The Court dismissed Count 13 in its Order Adopting Magistrate Judge's Report and Recommendation dated August 18, 2023. Dkt. #39 at 2.

Count 14—Plaintiff-Issa v. Defendant-Thompson—§ 1983 (right to be a parent)

The Court dismissed Count 14 in its Order Adopting Magistrate Judge's Report and Recommendation dated August 18, 2023. Dkt. #39 at 2.

Count 15—Plaintiff-Issa v. Defendant-Hammond—§ 1983 (right to be a parent)

The Court dismissed Count 15 in its Order Adopting Magistrate Judge's Report and Recommendation dated August 18, 2023. Dkt. #39 at 2.

Count 16—Plaintiff-Issa v. Defendant-Hammond—§ 1983 (supervisory liability)

For paragraph 142, which simply incorporates all prior paragraphs, Defendants refer to their specific answers to those preceding paragraphs. For paragraph 143, Defendants admit Hooper, Thompson, and Hammond were TDCJ employees on the date November 15, 2021, but deny that Hammond worked that particular day. For paragraph 144, Defendants admit that Hammond was Hooper and Thompson's superior officer. For paragraphs 145–58, Defendants deny the allegations.

Count 17—Plaintiff-Rukengeza v. Defendant-Hooper—§ 1983 (right to be a parent)

The Court dismissed Count 17 in its Order Adopting Magistrate Judge's Report and Recommendation dated August 18, 2023. Dkt. #39 at 2.

Count 18—Plaintiff-Rukengeza v. Defendant-Thompson—§ 1983 (right to be a parent)

The Court dismissed Count 18 in its Order Adopting Magistrate Judge's Report and Recommendation dated August 18, 2023. Dkt. #39 at 2.

Count 19—Plaintiff-Rukengeza v. Defendant-Hammond—§ 1983 (right to be a parent)

The Court dismissed Count 19 in its Order Adopting Magistrate Judge's Report and Recommendation dated August 18, 2023. Dkt. #39 at 2.

Count 20—Plaintiff-Issa and Plaintiff-Rukengeza, as next friends of their unborn child v. Defendant-Hooper—§ 1983 (bodily integrity)

The Court dismissed Count 20 in its Order Adopting Magistrate Judge's Report and Recommendation dated August 18, 2023. Dkt. #39 at 2.

Count 21—Plaintiff-Issa and Plaintiff-Rukengeza, as next friends of their unborn child v. Defendant-Thompson—§ 1983 (bodily integrity)

The Court dismissed Count 21 in its Order Adopting Magistrate Judge's Report and Recommendation dated August 18, 2023. Dkt. #39 at 2.

### Count 22—Plaintiff-Issa and Plaintiff-Rukengeza, as next friends of their unborn child v. Defendant-Hammond—§ 1983 (bodily integrity)

The Court dismissed Count 22 in its Order Adopting Magistrate Judge's Report and Recommendation dated August 18, 2023. Dkt. #39 at 2.

### Count 23—Plaintiff-Issa and Plaintiff-Rukengeza, as next friends of their unborn child v. Defendant-Hooper—§ 1983 (right to life)

The Court dismissed Count 23 in its Order Adopting Magistrate Judge's Report and Recommendation dated August 18, 2023. Dkt. #39 at 2.

### Count 24—Plaintiff-Issa and Plaintiff-Rukengeza, as next friends of their unborn child v. Defendant-Thompson—§ 1983 (right to life)

The Court dismissed Count 24 in its Order Adopting Magistrate Judge's Report and Recommendation dated August 18, 2023. Dkt. #39 at 2.

### Count 25—Plaintiff-Issa and Plaintiff-Rukengeza, as next friends of their unborn child v. Defendant-Hammond—§ 1983 (right to life)

The Court dismissed Count 25 in its Order Adopting Magistrate Judge's Report and Recommendation dated August 18, 2023. Dkt. #39 at 2.

### Count 26—Plaintiff-Issa v. Defendant-TDCJ—Texas Labor Code (denial of a reasonable accommodation)

For paragraph 197, which simply incorporates all prior paragraphs, Defendants refer to their specific answers to those preceding paragraphs. For paragraphs 198–202, Defendants deny the allegations.

### Count 27—Plaintiff-Issa v. Defendant-TDCJ—Texas Labor Code (hostile work environment, disability)

The Court dismissed Count 27 in its Order Adopting Magistrate Judge's Report and Recommendation dated August 18, 2023. Dkt. #39 at 2.

### Count 28—Plaintiff-Issa v. Defendant-TDCJ—Texas Labor Code (disparate impact, disability)

The Court dismissed Count 28 in its Order Adopting Magistrate Judge's Report and Recommendation dated August 18, 2023. Dkt. #39 at 2.

Count 29—Plaintiff-Issa v. Defendant-TDCJ—Rehabilitation Act (denial of a reasonable accommodation)

For paragraph 223, which simply incorporates all prior paragraphs, Defendants refer to their specific answers to those preceding paragraphs. For paragraphs 224–31, Defendants deny the remaining allegations.

Count 30—Plaintiff-Issa v. Defendant-TDCJ—Rehabilitation Act (hostile work environment)

The Court dismissed Count 30 in its Order Adopting Magistrate Judge's Report and Recommendation dated August 18, 2023. Dkt. #39 at 2.

Count 31—Plaintiff-Issa v. Defendant-TDCJ—Family and Medical Leave Act (family-care provision)

For paragraph 245, which simply incorporates all prior paragraphs, Defendants refer to their specific answers to those preceding paragraphs. For paragraphs 246–47, Defendants admit to the allegations. For paragraph 248, Defendants admit that TDCJ was an employer subject to some requirements found in the Family and Medical Leave Act but denies that every requirement found in the Family Medical Leave Act apply to it. For paragraphs 249–56, Defendants deny the remaining allegations.

**DAMAGES**

For paragraphs 257–59, Defendants admit that Plaintiffs seeks damages as specified therein but deny their entitlement to those damages.

**ATTORNEY FEES & COSTS**

For paragraph 260, Defendants admit that Plaintiffs seek attorney fees and litigation costs but deny that they are entitled to those fees and costs.

## JURY DEMAND

For paragraph 261, Defendants admit that Plaintiffs are demanding a jury trial in this matter.

## PRAYER FOR RELIEF

For paragraph 262, Defendants admit that Plaintiff requests a judgment against Defendants seeking various forms of relief as specified therein but deny their entitlement to that relief.

## II.   DEFENDANTS' DEFENSES

1. Defendants assert that Issa[1] was not deprived of any right, privilege, or immunity granted or secured by the Constitution or laws of the United States.

2. Defendants assert that Issa is not entitled to any relief demanded in her Second Amended Complaint (*see* Dkt. #18 at ¶¶ 257–59).

3. Defendants assert that they had legitimate, non-discriminatory reasons for all employment actions affecting Issa that she contends were unlawful; Defendants further assert that their decisions were not motivated by any protected category.

4. Defendants assert that, based on the information Issa provided at the time *and without the benefit of hindsight*, any decisions made regarding Issa's employment were appropriate and would have been made regardless of any allegedly unlawful motives.

5. Defendants assert that their actions (and inactions) related to claims asserted in Plaintiffs' Second Amended Complaint were taken (or not taken) in good faith and without malice, without recklessness, without callous or deliberate indifference to Issa or her federally-protected rights.

---

[1] As the claims asserted by Rukengeza and the claims brought as next of friend of the unborn child have been dismissed, this section refers to Issa specifically, as she is the sole remaining plaintiff.

6. Defendants assert that any practice or policy challenged in this lawsuit—including the specific provisions of PD-22, *General Rules of Conduct and Disciplinary Action Guidelines for Employees*, mentioned in Plaintiffs' Second Amended Complaint (*e.g.*, Dkt. #18 at ¶¶ 26–29)—did not have a disproportionate effect on either women generally or pregnant women specifically.

7. Defendants assert that any practice or policy challenged in this lawsuit—including the specific provisions of PD-22, *General Rules of Conduct and Disciplinary Action Guidelines for Employees*, mentioned in Plaintiffs' Second Amended Complaint (*e.g.*, Dkt. #18 at ¶¶ 26–29)—was job-related for the position in question, designed to further a legitimate purpose, administered in a way that reasonably achieves that purpose, and is consistent with business necessity.

8. Defendants assert that modifying (or abolishing) any practice or policy challenged in this lawsuit—including the specific provisions of PD-22, *General Rules of Conduct and Disciplinary Action Guidelines for Employees*, mentioned in Plaintiffs' Second Amended Complaint (*e.g.*, Dkt. #18 at ¶¶ 26–29)—would require a fundamental alteration of the services provided by TDCJ and would impose an undue burden upon TDCJ.

9. Defendants likewise assert that granting correctional officers the accommodation of being able to leave their assigned work area without proper authorization would require a fundamental alteration of the services provided by TDCJ, would impose an undue burden upon TDCJ, and would jeopardize prison security.

10. Defendants assert that TDCJ engaged in the interactive process regarding Issa's request for an accommodation.

11.     Defendants assert that they were not the sole cause of any alleged injuries and did not have sufficient information regarding the seriousness of Issa's medical condition. Defendants assert that Issa did not provide as much information as she now alleges in the pleadings.

12.     Defendants assert that TDCJ provided an accommodation to Issa and the accommodation was reasonable considering the information available to TDCJ at the time.

13.     Defendants assert that Issa's claims are subject to all applicable statutory limitations, including the exemption of a government, government agency, or political subdivision from punitive damages.

14.     Defendants assert that Issa's claim under the Family Medical Leave Act ("FMLA") does not fall within the scope of the provision cited in the pleading (9 U.S.C. § 2612(a)(1)(C)), and therefore she cannot recover under the FMLA.

15.     Defendants assert that TDCJ did not refuse, discourage, deny, nor in any other way interfere with Issa's FMLA leave; Defendants deny that TDCJ's conduct with regards to Issa violated any provision of the FMLA.

16.     Defendants Hooper, Thompson, and Alonzo Hammond assert that all claims against them are barred by qualified immunity from suit.

17.     Defendants assert that no disparate impact claim under the Rehabilitation Act has been raised in the pleadings[2]; regardless, Defendants assert that the Rehabilitation Act does not provide for monetary damages for a disparate impact claim. *See T.O. Fort Bend Indep. Sch. Dist.*, 2 F.4th 407, 417 (5th Cir. 2021).

---

[2] Based on discussions between counsel, Defendants believe Plaintiffs' Counsel may share this understanding of Plaintiffs' Second Amended Complaint.

18. Defendants assert that no disparate impact claim under the Equal Protection Clause has been raised in the pleadings[3]; regardless, Defendants assert that the Equal Protection Clause prohibits only intentional discrimination. *See U.S. v. LULAC*, 793 F.2d 636, 646 (5th Cir. 1986); *Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir. 1997); *cf. Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 272 (1979).

19. Defendants assert that Issa's damages (if any) are limited by the applicable statutory caps, including but not limited to 42 U.S.C. § 1981a(b)(1) (excepting a government agency from punitive damages) and 42 U.S.C. § 1981a(b)(3) (limiting compensatory damages based on the size of the employer).

20. Subject to discovery, Defendants assert the defenses of ratification, waiver, estoppel, and/or laches.

21. Subject to discovery, Defendants assert that Issa failed to exhaust her administrative remedies (and thus meet all conditions precedent and statutory prerequisites).

22. Subject to discovery, Defendants assert that Issa failed to mitigate her damages (if any).

23. Defendants assert their right to raise additional defenses that become apparent through the factual development of the case.

### III. DEFENDANTS' JURY DEMAND

Should trial be necessary in this suit, Defendants respectfully demand a trial by jury.

### IV. DEFENDANTS' PRAYER

Defendants pray that Plaintiff take nothing and that Defendants be awarded costs, and have any such other and further relief to which they may be justly entitled.

---

[3] Again, based on discussions between counsel, Defendants believe Plaintiffs' Counsel may share this understanding of Plaintiffs' Second Amended Complaint.

Date: September 18, 2023

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

JAMES LLOYD
Acting Deputy Attorney General for Civil Litigation

SHANNA MOLINARE
Chief, Law Enforcement Defense Division

Respectfully Submitted,

/s/ *Benjamin L. Dower*
BENJAMIN L. DOWER
Special Litigation Counsel
Texas Bar No. 24082931
Attorney-in-Charge
Benjamin.Dower@oag.texas.gov

Office of the Attorney General
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 370-9994

**ATTORNEYS FOR DEFENDANTS TDCJ, HOOPER, THOMPSON, AND HAMMOND**

## V.  CERTIFICATE OF SERVICE

I, BENJAMIN L. DOWER, certify that a true and correct copy of the foregoing document was filed and served via the Court's CM/ECF document filing system on September 18, 2023, to:

Ross A. Brennan
Cronauer Law, LLP
7500 Rialto Blvd
Bldg 1, Ste 250
Austin, TX 78735
512-733-5151
Fax: 815-895-4070
Email: ross@cronauerlaw.com
**ATTORNEY FOR PLAINTIFFS**

/s/ *Benjamin L. Dower*
BENJAMIN L. DOWER
Special Litigation Counsel
Office of the Attorney General of Texas

16